**COOK v. UNITED STATES.**
No. H–440.

Court of Claims.
April 10, 1933.

Geo. E. H. Goodner, of Washington, D. C. (Mathews & Trimble, of Washington, D. C., on the brief), for plaintiff.

Joseph H. Sheppard, of Washington, D. C., and Charles B. Rugg, Asst. Atty. Gen., for the United States.

Before GREEN, LITTLETON, WILLIAMS, and WHALEY, Judges.

LITTLETON, Judge.

██ We think it is clear from the facts that the plaintiff received a taxable liquidating dividend in 1920. His claim that such liquidating dividend, if the purported sale of assets by the corporation was not effective as such, was received on December 31, 1919, and was not, therefore, taxable in 1920, cannot be sustained. The corporation carried on the business in its corporate capacity until 12 o'clock midnight, December 31, 1919. Upon the close of business at that hour, plaintiff liquidated the corporation, received its assets, and assumed its liabilities. The corporation was therefore liquidated after 12 o'clock midnight, December 31, 1919, and the liquidating dividend was taxable to the plaintiff in 1920. The purported sale by the corporation to the plaintiff cannot be recognized as relieving him from taxation upon the liquidating dividend. It must be treated as a mere bookkeeping transaction rather than as a sale. Cf. Benjamin H. Read, 6 B. T. A. 407; Rubay Co., 9 B. T. A. 133.

The evidence, however, establishes that the correct liquidating dividend taxable to the plaintiff in 1920 was $15,866.42 instead of $26,666.42 as determined by the defendant. The net value of the assets received over the liabilities assumed was $38,966.42, and the cost to the plaintiff of the entire outstanding capital stock of the corporation was $23,100.

Judgment will be entered in favor of plaintiff for $3,205.95, with interest thereon as provided by law. It is so ordered.

BOOTH, Chief Justice, took no part in the decision of this case on account of illness.