Whaley, Judge,
delivered the opinion of the court:
The plaintiff enlisted in the United States Navy on May 31,1894, and served as an enlisted man for a total of 10 years 9 months and 19 days. On December 20, 1908, he accepted an appointment as a paymaster’s clerk and served in that position for a period of 6 years 6 months and 9 days. On August 19, 1915, he accepted an appointment as chief pay clerk to rank from July 1, 1915, and served continuously as *580 a commissioned warrant officer until retired on July 1,1925, for disability, pursuant to section 1458 of tbe Revised Statutes. His total active service was 27 years 3 months and 28 days.
On September 30, 1930, the Chief of the Bureau of Navigation certified plaintiff’s record was creditable within the meaning of the provisions of the act of February 16, 1929.
The sole question involved is whether plaintiff, who was in the commissioned service of the Navy as a chief pay clerk from July 1, 1915, and was placed on the retired list from July 1, 1925, was entitled to receive 75 percent of the pay of the third pay period authorized for a commissioned warrant officer on the active list after 10 years of commissioned service. There is no question when the 10-year period commenced, the only question is when the 10 years end. Section 991, title 34, of the U.S. Code, gives the plaintiff retired pay according to the grade or rank held by him at the time of his retirement and it cannot be seriously disputed that plaintiff’s retired pay on and after February 16, 1929, 45 Stat. 1186, 1187, which begins the period sued on, is to be determined by the following provision of that act.
“ Commissioned warrant officers with creditable records on the active list shall receive pay as follows
“During the first 10 years of commissioned service, the pay of the second period; after 10 years of commissioned service, the pay of third period; after 20 years of commissioned service, the pay of the fourth period.”
Under this section of the code, the plaintiff’s retired pay should be 75 percent either of the second period, or of the third period, depending upon whether his retirement was within the second or third period.
The plaintiff was commissioned on July 1, 1915, and on June 30, 1925, at midnight he had completed 10 years’ service. After midnight of June 30, 1925, and therefore on July 1, 1925, the plaintiff had passed the second 10-year period and the third 10-year period had commenced. His retirement notice reads “ from July 1st, 1925.” On July 1, *581 1925, be was entitled under tbe act of 1929, to the pay of the third period, for the entire day, because it was not within the first 10 years of commissioned service. Retirement could not be between two periods. It must be within one or the other and his retirement was after 10 years of service had been completed and not before the second 10 years had been entered. The plaintiff is entitled to recover. It is so ordered.
Williams, Judge; LittletoN, Judge; and GeeeN, Judge, concur.
Booth, Chief Justice, did not hear this case, on account of illness, and took no part in its decision.
Entry of judgment was suspended to await report from the General Accounting- Office as to the amount due plaintiff under the opinion.