Littleton, Judge,
delivered the opinion of the court:
Plaintiff contends that inasmuch as he completed twenty-seven years of service June 30, 1932, he became entitled on. that date to receive the automatic increase of 5 per centum of his base pay for longevity, and that section 201 of th& Economy Act of June 30, 1932, did not operate to deprive him of this increase in pay upon the completion of twenty-seven years of service. Section 201 of the Economy Act. provided that all provisions of law which conferred upon civilian or noncivilian officers or employees of the United' States Government automatic increases in compensation, by reason of length of service or promotion, were suspended during the fiscal year ending June 30, 1933. This section further provided that it should not be construed to “deprive' any person of any increment of. compensation received through an automatic increase in compensation prior to-July 1, 1932.” We are of opinion that this section applied to plaintiff and operated to suspend the automatic increase in compensation for longevity pay to which he did not become entitled until the beginning of the first day of July 1932. Plaintiff was not entitled to receive'the incréase in compensation through an automatic increase prior to the beginning of the first day of July 1932 for the reason that he did not complete twenty-seven years of service until midnight of June 30, 1932. Cf. Cook v. United States, 77 C. Cls. 343, 3 Fed. Supp. 47. When, therefore, the automatic increase in compensation became effective on the first moment of July 1, 1932, by reason of his having completed twenty-seven years of service, it became suspended at the same moment by section 201 of the Economy Act of June 30,1932. The Economy Act was approved on June 30,1932, and by the express provisions of section 201 it operated to suspend all automatic increases in pay accruing at or *331 after midnight of June 30, 1932. Inasmuch as the statutory suspension of the right to receive the increase in pay became applicable to the 5 per centum increase in plaintiff’s pay at the very moment his right to receive it accrued, it cannot be said that this increment of compensation was received by him through an automatic increase in compensation prior to July 1, 1932. In other words, the statute clearly intended that an officer should not acquire on July 1, 1932, a benefit in the form of an automatic increase in pay which he was not receiving, or entitled to receive, prior to the beginning of the first day of July 1932.
For these reasons we think plaintiff was correctly denied the automatic increase for longevity during the fiscal year ending June 30, 1933, and subsequent years during which the Economy Act was in force. He is, therefore, not entitled to recover and his petition is dismissed. It is so ordered.
Whaley, Judge \ Williams, Judge,; Geeen, Judge\ and Booth, Chief Justice, concur.