

## DUPRE v. UNITED STATES.

### No. 48982.

United States Court of Claims.

May 1, 1950.

The plaintiff, a former employee in the classified Civil Service, seeks to recover a life annuity alleged to be due him under the terms of Section 7 of the Civil Service Retirement Act of May 22, 1920 (41 Stat. 614), as amended September 22, 1922 (42 Stat. 1047), and July 3, 1926 (44 Stat. 904, 909). He alleges that he was involuntarily separated from the service November 8, 1924, without just cause, and that his dismissal, by the Secretary of the Treasury, upon the charges preferred was erroneous, arbitrary and capricious.

H. J. Graham, Louisville, Ky., for plaintiff.

John R. Franklin, Washington, D. C., with whom was Assistant Attorney General H. G. Morison, for defendant.

Before JONES, Chief Judge and LITTLETON, WHITAKER, MADDEN and HOWELL, Judges.

PER CURIAM.

The plaintiff, a former employee of the Treasury Department in the classified Civil Service, served in the position of storekeeper-gauger from March 15, 1900, to July 14, 1917, when he resigned, and again served in the same capacity from October 27, 1922, until November 8, 1924, on which date he was dismissed from the service upon consideration of charges of misconduct and delinquency in the performance of his official duties, on written charges theretofore made October 1, 1924. At the time of his removal he had served a total of 19 years and 4 months. He was then under 52 years of age.

During 1924, the plaintiff was charged with and tried upon a criminal charge of

**1006**

unlawful possession of intoxicating liquors, in the Jefferson (Kentucky) Circuit Court, Criminal Division, and was acquitted. He was later tried upon a criminal information charging illegal possession of whiskey, in the U. S. District Court for the Western District of Kentucky, and in this trial he was also acquitted.

Plaintiff bases his claim in this case for a life annuity, under Sections 1 and 7 of the Civil Service Retirement Act of May 22, 1920, as amended by the Act of July 3, 1926, 44 Stat. 904, 909, on the allegation that his acquittals upon the criminal charges, above referred to, establish that the action of the Secretary of the Treasury removing him from the service on charges of misconduct or delinquency in the performance of his official duties was arbitrary and capricious and, therefore, did not have the effect of foreclosing his right to the annuity under the provisions of Section 7 of the Act, which section provides that it shall not be applicable to any employee removed for cause on charges of misconduct or delinquency.

■ The facts in this case are substantially the same as the facts in the case of Croghan v. United States, Ct.Cl., 89 F.Supp. 1002, and for the reasons stated in that case we hold that plaintiff has not established his right to the life annuity claimed. On the authority of the Croghan case, supra, the petition must be dismissed.

■ In addition to the conclusion that plaintiff is not entitled to judgment on the merits of his claim, it should be noted that at the date of his removal he had not reached the age at which an employee involuntarily separated from the service, not for cause, would be entitled to claim an immediate annuity or deferred annuity under Section 1, and subdivisions (b) and (c) of Section 7, of the Act of July 3, 1926, supra. Plaintiff reached the age of 55 years on December 30, 1927, and the age of 70 on December 30, 1942, and his petition was not filed until January 10, 1949. The claim was therefore barred by the statute of limitation of six years at the time the petition was filed.

Plaintiff is not entitled to recover, and the petition is dismissed. It is so ordered.