## LAMBERT v. UNITED STATES.
### No. 49174.

United States Court of Claims.

Decided Jan. 8, 1952.

Samuel T. Ansell, Jr., Washington, D. C. (Ansell & Ansell, Washington, D. C., on the brief), for plaintiff.

Mr. Ernest C. Baynard, Washington, D. C., Holmes Baldridge, Asst. Atty. Gen. (R. W. Koskinen, Washington, D. C., on the brief), for defendant.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and HOWELL, Judges.

JONES, Chief Judge.

The essential facts are concisely stated in the findings, which are based upon a stipulation by the parties, and will not be repeated here.

The issue is the rate of retired pay which plaintiff is entitled to receive.

Plaintiff, a Regular Army officer, was retired on July 31, 1947, on which date he completed exactly 30 years of service.

He was given the retired pay of his rank with an increase of 45 percent for length of service. He claims his retirement pay should have been increased by 50 percent on account of the fact that he had completed 30 years of service.

The defendant denies that he is entitled to the increase.

Primarily the retirement rate under the statutes [1] is based on active duty pay at the time of retirement. At the time of his retirement plaintiff was not drawing the active duty pay of his grade with over 30 years of service. In fact, he never drew such pay. Had he started on the next period of service he would have been entitled to draw the increased pay of that period and

[1]. 37 U.S.C.A. §§ 232, 272(d); Sec. 1, Pay Readjustment Act of 1942, 56 Stat. 359, as amended June 29, 1946, 60 Stat. 343.

would have been entitled to the 50 percent increase rather than the 45 percent which was allowed.

This may seem technical, but there must be a dividing line. Section 232 of Title 37 U.S.C.A. reads in part as follows:

"§ 232. Basic pay—Pay grades and monthly basic pay.

"(a) For the purpose of computing the basic pay of members of the uniformed services, pay grades are prescribed and monthly basic pay for such members is established within each pay grade according to cumulative years of service, as follows:

"[Here follows a table showing the pay grade, including 0-6, which was plaintiff's grade, with cumulative service of over 26 years, and with similar service of over 30 years.]"

Had plaintiff actually entered on his thirty-first year of service so that his rate of active pay at the time of retirement had been that of his grade with more than 30 years of active service, he would have been entitled to the 50 percent increase for which he contends. This additional pay period he did not enter. His longevity increase must be based upon his active duty pay at the time of retirement. The case of Wood v. United States, 77 Ct.Cl. 578, is not applicable. The case of Wilkinson v. United States, 85 Ct.Cl. 329, does not support plaintiff's position.

The petition is dismissed.

HOWELL, MADDEN and LITTLETON, JJ., concur.

WHITAKER, J., dissents.