**PRENTISS v. UNITED STATES.***
No. 103–52.

United States Court of Claims.
July 15, 1952.

Jones, C. J., dissented.

Augustin M. Prentiss, pro se.

Gordon F. Harrison, Washington, D. C.,
Holmes Baldridge, Asst. Atty. Gen., for
defendant.

* Motion for new trial pending.

990

MADDEN, Judge.

The plaintiff served in the classified civil service of the United States for seven years, four months and three days, from July 1, 1906 to November 3, 1913. He then served as a commissioned officer in the Army for thirty-two years, nine months and twenty-seven days, from November 4, 1913, to August 31, 1946. On the latter date he was retired from active military service, at his own request, under the provisions of Section 5 of the Act of July 31, 1935, as amended by Section 3 of the Act of June 13, 1940, 10 U.S.C.A. §§ 943a, 971b. He is receiving military retired pay based upon the first thirty years of his military service. He sues for retirement benefits under the provisions of the Civil Service Retirement Act for the additional 10 years and two months of time during which he served the United States, for more than seven years as a civil servant, and more than two years as a soldier after the completion of the thirty years on which his military retired pay is based. The plaintiff applied to the Civil Service Commission for the retirement benefits for which he sues here, and was denied them.

The Civil Service Retirement Act, approved May 22, 1920, 41 Stat. 614, and its numerous amendments now collected in Title 5, U.S.C.A. §§ 691 to 740a, is the controlling legislation.

■ The Government urges that the plaintiff never became eligible for benefits under the Civil Service Retirement Act, since the plaintiff's employment in the Civil Service terminated in 1913, and the Civil Service Retirement Act was not enacted until 1920, and did not confer rights upon persons who had no civil service employment after its enactment. The plaintiff urges that his military service from 1943 to 1946, which did not count toward his military retirement pay, made him eligible. If the plaintiff was otherwise eligible, there is no doubt that his extra military service should be included in computing what his Civil Service Retirement benefits should be. Section 5 of the statute, 5 U.S.C.A. § 707 says:

"Subject to the provisions of Section 9 hereof, [5 U.S.C.A. § 736b] the aggregate period of service which forms the basis for calculating the amount of any annuity provided in this Act shall be computed from the date of original employment * * * in the civil service of the United States * * * including * * * periods of honorable service in the Army * * * of the United States; and in the case of an officer or employee, however, who is eligible for and receives retired pay on account of military or naval service, the period of service upon which such retired pay is based shall not be included * * * : *Provided*, That an officer or employee must have served for a total period of not less than five years exclusive of such military or naval service before he shall be eligible for annuity under this Act. * * * *"

The plaintiff also qualifies under the language above quoted, in that he had seven years of civilian service in addition to the military service which he seeks to include.

■ The fact that the plaintiff, if successful in this action, will draw both military retired pay and Civil Service Retirement benefits presents no difficulty. Section 5 further says:

"Nothing in this Act shall be construed as to affect in any manner an officer's or employee's right to retired pay, pension, or compensation in addition to the annuity herein provided."

■ Plaintiff's civilian service before 1920 can, of course, be counted, if he is eligible at all for Civil Service Retirement benefits. Section 9 of the Act, 5 U.S.C.A. § 736b, says with respect to the requirement of deposits in the Civil Service Retirement Fund:

"* * * no deposit shall be required for any service rendered prior to August 1, 1920, or for periods of honorable service in the Army * * * of the United States".

The plaintiff's claim, then, is not vulnerable because he seeks to obtain Civil Service Retirement benefits when he is already enjoying military retired pay, nor because

he seeks to count military service in computing Civil Service Retirement benefits, nor because he seeks to include civilian service antedating 1920 in computing such benefits. The Government, nevertheless, urges that the plaintiff must lose because, when he was a civilian employee from 1906 to 1913 there was no Civil Service Retirement Law, and during his military service from 1943 to 1946 he was ineligible for Civil Service Retirement benefits because Section 3 of the Act, 5 U.S.C.A. § 693(a) says:

"this act shall not apply to any such officer or employee of the United States * * * subject to another retirement system for such officers and employees".

This provision does not disqualify a person who is "subject to another retirement system" in the sense that he is actually drawing military retired pay at the time of civilian employment. Our quotation above from Section 5 makes that plain. The Government's argument is then, that though the plaintiff, if he had had civilian Government service after 1920, would have become a potential eligible for Civil Service Retirement benefits, and then could have counted his pre-1920 civilian employment and such of his military service as he did not count for military retired pay, he did not, by his excess military service become such a potential eligible. The plaintiff urges that the quoted language merely means that the Act should not apply to an officer or employee for or during the period upon which his military retired pay is based. He points out that the Act of January 24, 1942, 56 Stat. 13, enlarged the Civil Service Retirement Act, which had applied only to classified civil service employees and certain other enumerated groups, and made it apply to

"all officers and employees in or under the executive, judicial, and legislative branches of the United States Government". 5 U.S.C.A. § 693.

The plaintiff urges, therefore, that his excess military service, not counted toward his military retired pay, was just as effective in putting him into the Civil Service Retirement eligible category as civilian service would have been.

Although the statutory ensemble is perplexing, we think the plaintiff is right. Since the excess military service and the pre-1920 civilian service could admittedly be counted for Civil Service Retirement benefits if the plaintiff had even the briefest period of post-1920 civilian employment, we do not see what purpose would be served by adopting the Government's construction of the language of Section 3 which, in its context, is ambiguous.

We compliment the plaintiff, who represented himself, upon his orderly and helpful brief.

While the plaintiff has not made a motion for a summary judgment, the facts are, apparently, undisputed, and the case is ripe for decision. The defendant's motion for summary judgment is denied. The plaintiff is entitled to recover. Entry of judgment will be suspended to await the filing of a report from the General Accounting Office showing the amount due.

It is so ordered.

HOWELL, WHITAKER, and LITTLETON, Judges, concur.

JONES, Chief Judge (dissenting).

I agree that since plaintiff had sufficient military service he is entitled to retirement on the basis of such service.

I also agree that if in addition he had sufficient civilian service to entitle him to an annuity under the Civil Service Retirement Act he might also draw that benefit.

But I do not agree that he may draw military retirement on just enough military service to get his highest retirement, apply the excess military service to splice out and afford civilian retirement for which he could not otherwise qualify, and draw both on that basis.

Undoubtedly if he lacked sufficient civilian service to qualify for an annuity he might add any military service in order to make up his qualification for such annuity, provided he had not already had military retirement. I think the permission to use

military service to supplement civilian service as set out in section 5 of the Civil Service Retirement Act, 5 U.S.C.A. § 707, was intended primarily to take care of civilian employees who might be temporarily called into military service during wartime, or who might have a term of military service which could be used to finish out the requirement for eligibility. But I do not believe it was the intention of the Congress that he might split up the term of his military service in order to qualify for both systems of retirement.

This conclusion is strengthened by the provisions of section 3 of the act, 5 U.S.C.A. § 693(a), which reads as follows:

"* * * this act shall not apply to any such officer or employee of the United States * * * subject to another retirement system for such officers and employees * * *."

I would grant defendant's motion to dismiss.