MaddeN, Judge,
delivered the opinion of the court:
In our decision of July 15, 1952, we concluded that the plaintiff was entitled to recover, but suspended entry of judgment to await the filing- of a report from the General Accounting Office showing the amount due. The General Accounting Office reported that the function of determining amounts due beneficiaries of the Civil Service Retirement Acts was placed by statute in the United States Civil Service Commission. However, in order to avoid delay, the General Accounting Office had secured a report from the Civil Service Commission, which it transmitted to us.
The report of the Civil Service Commission stated that there was doubt as to whether our decision was that the plaintiff should have an annuity computed under the statutes as they existed on August 81, 1946, the day on which he was separated from Government service, or under the more generous provisions of the Act of February 28,1948, 62 Stat. 48. The Commission reported that, if the computation was made under the former law, the annuity would be at the raté of $293.52 a year from the first of the month following the plaintiff’s sixty-second birthday, that is, from February 1, 1952, with an increase to $324.00 a year effective September 1,1952, under the Act of July 16,1952. If the computation was under the Act of February 28, 1948, the annuity would be $648.00 a year, beginning February 1, 1952, increased to $684.00 a year from September 1, 1952.
In view of these alternatives which had not been discussed by the parties or considered by the court when it decided that the plaintiff was entitled to a judgment, the court asked the parties to stipulate the amount for which judgment should be rendered. They were unable to agree, and the plaintiff has now presented his motion for judgment for the larger of the two possible sums.
The plaintiff urges that in his petition initiating this case he cited as the legal basis of his claim the 1948 statute, and the court in its opinion cited and relied on provisions of that statute. These statements are true. The changes in the law between the date of the plaintiff’s separation in 1946, *69 and the time in 1952 when the plaintiff, having reached the age of 62, became entitled to payment of his annuity were not brought to our attention. We have now examined the law as it was in 1946, and find that the provisions of the statutes insofar as they were necessary to our decision, existed in 1946 and were not inserted into the law by the 1948 amendments. Our decision that the plaintiff was entitled to an annuity stands, therefore, undisturbed.
The Government says that the plaintiff’s annuity must be computed under the law as it was at the time of his separation in 1946. It says that the Act of February 28, 1948, provided that it should not be effective until “the first day of the second month following the month of approval,” i. <?., April 1, 1948. It points out that Section 8 of the Act of February 28,1948, says:
In case any officer or employee shall have been separated subsequent to January 23, 1942, and prior to the effective date of this Act and have acquired title to annuity under Section 7 of the Act of May 29, 1930, as amended, beginning after such effective date, his rights shall be determined and annuity computed as though this Act had not been enacted. (62 Stat. 53.)
This language seems to apply exactly to the plaintiff’s situation. He was separated on August 31,1946 and he “acquired title” to his annuity in 1952, when he reached the age of 62, which was after the effective date of the 1948 act.
Going back then, to the law as it was when the plaintiff was separated in 1946, the statute then in effect was the Act of January 24,1942, 56 Stat. 13, Section 5 of which amended Section 7 of the Act of May 29,1930, 46 Stat. 468 to read:
(a) Should any officer or employee to whom this Act applies, after having served for a total period of not less than five years and before becoming eligible for retirement becomes separated from the service, such officer or employee shall be paid a deferred annuity beginning at the age of sixty-two years, computed as provided in clauses (1) and (2) of section 4 (a) of this Act.
Computation according to the directions of this statute produce an annuity, according to the report of the Civil Service Commission, of $293.52 a year, effective February 1, 1952, increased to $324.00 a year, effective September 1,1952. The *70 plaintiff is, therefore, entitled to recover $360.22 which will include payments due him up to and including March 31,1953.
It is so ordered.
Howell, Judge; Whitaker, Judge; Littleton, Judge; and Jones, OMef Judge, concur.