**Aubrey H. BOND**

v.

**The UNITED STATES.**

**No. 390–54.**

United States Court of Claims.
Nov. 8, 1955.

A. M. Prentiss, West Hartford, Conn., for plaintiff.

Lawrence S. Smith, Washington, D. C., with whom was Acting Asst. Atty. Gen., Joseph D. Guilfoyle, for defendant.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and LARAMORE, Judges.

**434**

LARAMORE, Judge.

The case involves the claim of a retired Army officer, drawing military retirement pay, to an annuity under the Civil Service Retirement Act of May 29, 1930, as amended, 46 Stat. 468, 5 U.S.C.A. § 691, et seq.

Plaintiff is a retired Army officer, currently drawing disability retirement pay. He served as a civilian employee in the Departments of War and Interior for 5 years 11 months and 24 days during the period September 15, 1909, to September 9, 1915. He was commissioned in the Army on October 24, 1917, and served until March 21, 1948, a period of 30 years 5 months and 8 days. Effective March 31, 1948, plaintiff was retired from active military service on account of a disability incident thereto and has been drawing military retired pay since that date, based on number of years of service under the provisions of the Career Compensation Act of 1949, 63 Stat. 802, 37 U.S.C.A. § 231 et seq.

Plaintiff's military retired pay is currently $544.64 per month, which is the equivalent of 75 percent of $726.18, the monthly basic pay of a Colonel with over 30 years of service.

Plaintiff claims that he is entitled to an annuity under the Civil Service Retirement Act, supra, based on 5 years 11 months and 24 days of civilian service in the War and Interior Departments, plus 5 months and 8 days of military service, making a total of 6 years 5 months and 2 days. As to this latter service, plaintiff contends that his military retirement pay is based upon the first 30 years of service in the Army, and that the remaining 5 months and 8 days over and above the first 30 years is "excess service" which can be added to the 1909 through 1915 civilian service. The addition of the "excess" military service to the earlier civilian service, which took place before the Civil Service Retirement Act, was originally passed in 1920, is relied on to bring plaintiff under the Act thereby entitling him to an annuity.

The case is submitted on plaintiff's motion for summary judgment, defendant's cross motion for summary judgment, together with motion of plaintiff for leave of court to amend his petition.

Plaintiff's claim is grounded upon this court's decision in Prentiss v. United States, 105 F.Supp. 989, 123 Ct.Cl. 225, wherein it was held that a plaintiff similarly situated was entitled to an annuity comparable to that sought in the instant case. It is defendant's position that the decision in the Prentiss case was erroneous, that said decision is in conflict with the court's decision in the case of Lambert v. United States, 101 F.Supp. 767, 121 Ct.Cl. 333, and that it should be overruled.

We can find no conflict between the Prentiss case and the Lambert case. The issue in the Lambert case was whether or not a Colonel of the Army, who had served exactly 30 years on active duty, was entitled to retired pay based on 75 percent of the maximum active service pay of his grade. This is not .the situation in the case at bar. Here plaintiff admittedly actively served 30 years 5 months and 8 days before retirement. In the Lambert case this court held that to be entitled to pay based upon the active pay of a Colonel with more than 30 years of active service, plaintiff must have actually entered upon the 31st year of active service. In the instant case plaintiff actually entered upon the 31st year of active service on October 25, 1947, the day following completion of his first 30 years of active service. Thus he obviously meets the requirement of actual service to entitle him to the maximum pay of his grade.

■ The Department of the Army has recognized plaintiff's active military service in excess of 30 years by granting him the maximum retired pay for his grade; i. e., $544.64 per month. Therefore, plaintiff's motion to amend his petition to allege more than 30 years of military service should be granted.

■ The sole question then is whether plaintiff's military service in excess of 30 years and one day can be used in computing his civil service annuity. This and all other questions raised by the de-

fendant were considered by the court and answered in the Prentiss case, supra. A reconsideration of those questions leads us to the same conclusion, and on the basis of our decision in the Prentiss case, plaintiff's motion to amend his petition is granted, his motion for summary judgment is granted, and defendant's cross motion for summary judgment is denied.

Entry of judgment will be suspended pending the filing of a report by the General Accounting Office showing the amount due plaintiff.

It is so ordered.

MADDEN, WHITAKER and LITTLETON, Judges, concur.

JONES, Chief Judge (dissenting).

I dissent for the reasons stated in my dissenting opinion in Prentiss v. United States, 123 Ct.Cl. 225, 230.