**Frank M. HOLMES**
v.
**UNITED STATES.**
No. 88–55.

United States Court of Claims.
Dec. 4, 1957.

---

1. The regulations prescribed the rank of captain for any doctor or dentist who had as much as four years' experience.

Calvin H. Childress, Washington, D. C., Fred W. Shields, Washington, D. C., on the briefs, for plaintiff.

Lawrence S. Smith, Washington, D. C., George Cochran Doub, Asst. Atty. Gen., for defendant.

WHITAKER, Judge.

Plaintiff sues to recover an annuity on account of his civil service with the Government of the United States, in addition to the retired pay which he is receiving by reason of his service as an officer in the United States Army. His suit is based upon the Act of May 29, 1930 (46 Stat. 468), 5 U.S.C.A. § 691 et seq. The parties agree that the provisions of this Act are determinative of plaintiff's rights.

For a period of a little over 15 years prior to August 27, 1918, plaintiff was a civilian employee of the United States, but on August 27, 1918, during World War I, he accepted a commission in the United States Army and served therein until July 28, 1919, when he was discharged. He reentered the civil service the next day, on July 29, 1919, and served a little over a year, until September 27, 1920, when he resigned his position as a civil service employee of the United States and the next day accepted a commission as a major in the Regular Army of the United States. He served as a commissioned officer in the Regular Army until January 31, 1938, when he was retired because of the provisions of law requiring retirement at age of 64. He never reentered the civil service after his resignation on September 27, 1920.

His total military service was 18 years, 3 months and 8 days. Since plaintiff was more than 45 years old when he entered the military service, he was entitled to retired pay of 4 percent of his active duty pay multiplied by the number of *complete* years of military service. Since plaintiff had completed 18 years of military service, he was entitled to retired pay equal to 72 percent of his active duty pay. But plaintiff served in the Regular Army 3 months and 8 days more than 18 years. The excess he seeks to add on to the length of his civil service of 16 years, 2 months and 11 days, for the purpose of computing the civil service annuity to which he claims he is entitled. If he is entitled to do so, and if he is entitled to a civil service annuity, he would be entitled to compute it on 16 years, 5 months and 15 days.

Defendant, in reply, says that in the first place the plaintiff is not entitled to the benefits of the Civil Service Retirement Act of May 29, 1930, supra, because this Act by its terms does not apply to plaintiff. It says that section 1 gives the benefits of the Act to "all employees to whom this Act applies," and that section 3 specifies the employees to whom the Act does apply, which are "all employees in the classified civil service of the United States, including all persons who have been heretofore or may hereafter be given a competitive status in the classified civil service * * *." Defendant says that at the time this Act was passed that plaintiff was not in the classified civil service, and, therefore, not entitled to its benefits. It says that plaintiff resigned from the classified civil service on September 27, 1920, and was not thereafter in the classified civil service.

Defendant attaches to its briefs in opposition to plaintiff's motion for summary judgment, and in support of its own motion for summary judgment, plaintiff's letter of resignation, which reads:

"Having accepted a commission as Major, Finance Department, U. S. Regular Army, I hereby tender my resignation as Chief Clerk and Chief of Division in the Office of the Au-

ditor for the Interior Department, effective at the close of business September 27, 1920."

At the same time, plaintiff applied for a refund of the amounts deducted from his salary as his contribution to the retirement fund. This recited that he "was last employed as Chief Clerk and Chief of Division in Treasury Department, Office of Auditor for the Interior Department until September 27, 1920, *when I became absolutely separated from the classified service because of resigna-States because of resignation.*" [Italics ours.]

In response to this application, the Civil Service Commission on October 6, 1920, certified that plaintiff "was employed in the classified civil service of the United States until September 27, 1920, *when absolutely separated from the classified service because of resignation.*" [Italics ours.] Accordingly the amount claimed was refunded to him.

Plaintiff was entitled to the refund only by virtue of section 11 of the Civil Service Retirement Act of 1920 (41 Stat. 614), 5 U.S.C.A. § 724, which reads:

"That in the case of an employee in the classified civil service of the United States who shall be transferred to an unclassified position, and in the case of an employee to whom this Act applies *who shall become absolutely separated from the service before becoming eligible for retirement on an annuity*, the total amount of deductions of salary, pay, or compensation with accrued interest computed at the rate of 4 per centum per annum, compounded on June 30 of each fiscal year, shall, upon application, be returned to such employee: * * *". [Italics supplied.]

It appears therefrom that plaintiff was not entitled to the refund unless he had become "absolutely separated from the service." He alleged in his application for refund that he had become absolutely separated from the civil service, and the refund was made to him because he had become absolutely separated from the service.

If plaintiff had become absolutely separated from the service, he was not in the classified civil service service when the Act of 1930 was passed, and this Act applied only to employees in the classified civil service. Plaintiff had not been in the classified civil service for nearly 10 years prior to the passage of this Act, and was never in it later.

Some 18 years after plaintiff had applied for and had received this refund he sought to redeposit it, thinking that that would support his claim that he was still in the classified civil service when the Act of 1930 was passed; but the defendant refused to accept the money. Plaintiff claimed the right to redeposit it under the proviso to section 11 of the 1920 Civil Service Retirement Act. This provided, "that all money so returned to an employee must be redeposited with interest before such employee may derive any benefit under the provisions of this Act, *upon reinstatement or retransfer to a classified position * * *.*" [Italics supplied.]

Plaintiff had not been reinstated or retransferred to a classified position in the civil service and, hence, there was no occasion for the deposit of the money that had been refunded to him.

This is not a case of a furlough from the civil service in order to render military service in time of war or national emergency; it is not a case of temporary absence from the civil service; it is a case of a resignation from the civil service, absolute separation therefrom, and entry into the military service, without reentry into the civil service.

Plaintiff urges that this case is controlled by the cases of Prentiss v. United States, 105 F.Supp. 989, 123 Ct.Cl. 225; 117 F.Supp. 200, 125 Ct.Cl. 67, 126 Ct. Cl. 521; and Bond v. United States, 135 F.Supp. 433, 133 Ct.Cl. 204. We do not think so. The Prentiss case arose under the Civil Service Retirement Act of 1920, supra. This Act was also applicable to "all employees in the classified civil serv-

ice." Prentiss was not in the classified civil service at the time of the passage of the Act of 1920, in the sense that he was actually serving therein, but it does not appear that he had become "absolutely separated from the civil service by resignation," as had plaintiff in the instant case.

We were in some doubt whether Prentiss could be said to have been in the classified civil service when the 1920 Civil Service Retirement Act was passed, but we thought the Act of 1942 (56 Stat. 13), 5 U.S.C.A. § 691 et seq., sufficiently broadened the coverage of the Civil Service Retirement Act so as to bring plaintiff within its terms. The 1942 amendment made the Civil Service Retirement Act applicable "to all officers and employees in or under the executive, judicial and legislative branches of the United States Government, all elective and appointive officers in or under the said branches, and to all officers and employees of the municipal government of the District of Columbia." This Act was in effect when Prentiss retired from the Army, but it could have no application to plaintiff in the instant case because it was passed some four years after the end of his military service with the United States and 18 years after he had been "absolutely separated from the civil service."

The caption of the 1942 Act reads: "To amend further the Civil Service Retirement Act, approved May 29, 1930, as amended." It relates to the civil service. Plaintiff was not in the civil service when it was passed because he had become "absolutely separated [therefrom] by resignation," nor was he in the military service. He, therefore, does not come within the broadened coverage of the 1942 Act.

Since the Act of 1930 confers no rights on plaintiff, and since this is the Act under which he is claiming, we find it unnecessary to discuss the other points raised by plaintiff.

Plaintiff's motion for summary judgment is denied, and defendant's motion for summary judgment is granted.

Plaintiff's petition will be dismissed with prejudice.

It is so ordered.

WASHINGTON, Circuit Judge (sitting by designation), JONES, Chief Judge, and MADDEN and LITTLETON, Judges, concur.