**Edmund W. McLARREN**

v.

**UNITED STATES.**

No. 196–55.

United States Court of Claims.

Dec. 2, 1959.

Fred W. Shields, Washington, D. C., for plaintiff, King & King, Washington, D. C., were on the briefs.

Lawrence S. Smith, Washington, D. C., with whom was Asst. Atty. Gen. George Cochran Doub, for defendant.

LITTLETON, Judge (Retired).

Plaintiff brought this suit for an annuity under the Civil Service Retirement Act of May 22, 1920, 41 Stat. 614, as amended, 5 U.S.C. §§ 691–740a.[1] He served in the classified civil service of the United States for ten years, eight months and seven days, from December 10, 1906 to August 17, 1917. He thereafter served as a commissioned officer in the Army for twenty-nine years, ten months and twelve days, from August 18, 1917 to June 30, 1947, on which date he was involuntarily retired from the Army because he was sixty years of age. He is receiving military retired pay, but no annuity based on his ten years and nine months in the civil service.

Plaintiff claims that pursuant to Section 5 of the Civil Service Retirement Act, 5 U.S.C. § 707,[2] he is entitled to a Civil Service Retirement annuity based on a period of fourteen years, six months and nineteen days, which includes the time of his civil service employment plus three years, ten months and twelve days of military service which he asserts is "excess service," not included in the period of service upon which his military retired pay is based. Plaintiff relies on our decisions in Prentiss v. United States, 105 F.Supp. 989, 123 Ct.Cl. 225, and Bond v. United States, 135 F.Supp. 433, 133 Ct.Cl. 204, certiorari denied, 351 U.S. 974, 76 S.Ct. 1031, 100 L.Ed. 1491, in which we held that military service which did not count toward and was not used in determining military retirement pay was extra military service which should be included in computing Civil Service Retirement benefits.

Section 5 of the Civil Service Retirement Act, 41 Stat. 614, 616, as amended, 5 U.S.C. § 707, provides in relevant part:

"Subject to the provisions of Section 9 hereof [5 U.S.C. § 736b], the aggregate amount of service which forms the basis for calculating the amount of any annuity provided in this Act shall be computed from the date of original employment * * * in the civil service of the United States * * * including * * * periods of honorable service in the Army * * * of the United States; in the case of an officer or employee, however, who is eligible for and receives retired pay on account of military or naval service, *the period of service upon which such retired pay is based shall not be included * * *."* (Italics supplied.)

Plaintiff argues that he is entitled to credit, in computing his Civil Service Retirement annuity, for three years, ten months and twelve days of military service because, although he served in the Army for twenty-nine years, ten months and twelve days, his military retired pay was computed on the basis of twenty-six years service in the Army and he has, therefore, received no credit for the additional service of three years, ten months and twelve days insofar as the fixing of his basic active duty pay for retired pay purposes was concerned.

[1]. Now 5 U.S.C.A. § 2251 et seq.

[2]. Now 5 U.S.C.A. § 2253.

The military retired pay which plaintiff receives is fixed by the Career Compensation Act of 1949, 63 Stat. 802, as amended, 37 U.S.C.A. §§ 231–322. Section 201 of the Act, 37 U.S.C.A. § 232(a), prescribes pay grades and establishes monthly basic active duty pay according to cumulative years of service. Categories of service are provided; plaintiff is in the category designated "over 26 years." The next, and highest, category is "over 30 years." Section 511 of the Act, 37 U.S.C.A. § 311, under which plaintiff is receiving military retired pay, provides that such pay shall equal 2½% of his monthly basic active duty pay multiplied by the number of years of active service credited to him. Fractions of one-half year or more are counted as a whole year. This section also provides that in no case shall retired pay exceed 75% of the monthly basic active duty pay upon which the computation is based.

Plaintiff is receiving 75% of the basic active duty pay applicable to his grade and years of service. This is the figure obtained by multiplying 2½% of the basic active duty pay by thirty, the number of years of active service credited to plaintiff, counting the fraction of ten months and twelve days as a whole year.

Plaintiff argues that since his basic active duty pay is set at the rate applicable to those with over twenty-six years of service, the full twenty-nine years, ten months and twelve days of his service is not utilized in fixing his basic active duty pay for military retired pay purposes, and that he is therefore entitled under Section 5 of the Civil Service Retirement Act to credit towards Civil Service Retirement benefits for the three years, ten months and twelve days which are not so utilized.

This argument misconstrues the language of Section 5, quoted above. The period of Army service to be credited towards a Civil Service Retirement annuity excludes "the period of service upon which such [military] *retired pay* is based" (emphasis added). In this case, plaintiff's military retired pay is based on three factors: 2½%; plaintiff's basic active duty pay; and the number of years of active duty credited to him, i. e., thirty years. Were his retired pay based on a period of service of twenty-six years, as plaintiff contends it is, he would only be receiving 2½% of his basic active duty pay multiplied by twenty-six, or 65% thereof instead of 75%. While the three years plus of active service did not add to plaintiff's basic active duty pay, they were used in arriving at one of the other factors, the years of active service creditable to plaintiff, used in computing his retired pay. Section 5 is concerned not alone with the period on which active duty pay is based, but with the period on which retired pay is based. The three years were used in computing plaintiff's military retired pay; they may not again be used in the computation of his Civil Service Retirement annuity. It is only when, as in the Prentiss and Bond cases, supra, the military service is more than thirty years that there can be "excess service," since the Career Compensation Act limits retired pay to 75% of monthly active duty pay, the amount obtained by multiplying 2½% of monthly active duty pay by thirty, so any service in excess of thirty years cannot enter into the computation of the military retired pay. It is such service which Prentiss and Bond hold to be "excess service," creditable towards Civil Service Retirement annuities. There is no extra military service here. All of plaintiff's twenty-nine years, ten months and twelve days counted toward his military retired pay.

Plaintiff's motion for summary judgment is denied; defendant's motion for summary judgment is granted, and plaintiff's petition is dismissed.

It is so ordered.

JONES, Chief Judge and LARAMORE and WHITAKER, Judges, concur.