Laramoee, Judge,
delivered the opinion of the court:
This case involves a claim for a Civil Service retirement annuity by a retired Army officer. His claim is based on this court’s decision in Prentiss v. United States, 123 Ct. Cl. 225, and Bond v. United States, 133 Ct. Cl. 204, cert. denied 351 U.S. 974.
The facts are these: Plaintiff served as a commissioned officer of the Army for 25 years and 8 months. Pursuant to Rev. Stat. 1251, he was retired for disability, in the rank of Colonel, effective October 31,1944. Under this retirement he was entitled to and received 75 percent of the basic active-duty pay of an officer of his rank and service, namely a Colonel with over 24 years and less than 27 years of service, as was provided by the Act of June 16,1942, 56 Stat. 359, the pay statute then in effect.
In 1950 plaintiff elected under the Career Compensation Act, 63 Stat. 802, to receive retired pay based on percentage of disability. This entitled him to retired pay of 70 percent of his basic active-duty pay for an officer of his rank and service, namely a Colonel with over 22 years and not more than 26 years of service. He has since been paid accordingly.
In addition to his military service, plaintiff served 9 years and 8 months as a civilian employee of the Government prior to August 20, 1920, the effective date of the original Civil Service Act.
Plaintiff contends that since his military retired pay was based upon the active-duty pay of a Colonel with 24r-27 years of service, consequently only 24 actual years of service were used in computing his basic pay, and that 1 year and 8 months is “excess” military service not used in computing his retired pay. He contends that he is entitled to add the 1 year and 8 months to establish entitlement to a deferred Civil Service annuity based on 11 years and 4 months of civilian service.
The threshold question to be answered here is whether, as *203 contended by defendant, plaintiff’s claim is barred by the statute of limitations, 28 TJ.S.C. § 2501.
Plaintiff was retired from the Army on October 31, 1944. He reached the age of 62 on July 17,1947. The instant petition was filed August 3,1959.
Defendant contends that plaintiff’s cause of action, if any, accrued on July 17,1947, the day he reached retirement age, and hence his claim is barred by the limitation statute. Croghan v. United States, 116 Ct. Cl. 577, cert. denied 340 U.S. 854, and Dupre v. United States, 116 Ct. Cl. 660.
No useful purpose could be fulfilled by attempting to distinguish the above-cited cases for the reason in recent years this court in situations similar to this has held that even where the claim first accrued more than 6 years prior to filing the complaint, the claim is a continuing one which accrued at each successive pay period,[1] and that the statute of limitations would not bar his right to recovery for the period of 6 years prior to the filing of his petition. Gordon v. United States, 134 Ct. Cl. 840.
Plaintiff’s claim, of course, first accrued when he reached retirement age in 1947, but under the doctrine of Gordon, supra, he is entitled to have this court consider his cause of action for the period 6 years prior to August 3, 1959.
Defendant contends further that plaintiff’s claim is barred by this court’s decision in McLarren v. United States, 147 Ct. Cl. 497. Defendant says the above decision stands for the proposition that the “excess” service concept of the Prentiss and Bond cases, supra, is applicable only where the retired officer has over 30 years of service. In this respect we cannot agree with defendant’s construction of the court’s decision in the Prentiss and Bond cases. In other words, we do not believe these cases establish the concept that only service beyond 30 years can be “excess service.” Rather than that, the Prentiss and Bond cases stand for the proposition that any service not used in the computation of his mili *204 tary retired pay can be added to his civilian service in order to compute his civil service annuity.
Unfortunately the McLarren decision did contain language to the effect that only when there is more than 30 years of service can there be “excess service.” However, we believe that McLarren failed not because he did not have service in excess of 30 years, but because all of his military service was used in arriving at the 75 percent factor used in computing his retired pay. While we believe the above language used in the McLarren case was not critical to that decision, we now overrule McLarren to the extent it is in conflict with this opinion.
Defendant further contends that this case, like the McLarren case, is an erroneous attempt to have the court reexamine plaintiff’s active-duty base pay and then to apply the Prentiss and Bond concept to the longevity factor used in determining such pay.
Contrary to the argument of defendant, we believe plaintiff’s retired pay was and always has been determined and based upon his length of service. When plaintiff retired for physical disability, his retired pay was fixed initially at 75 percent of his active-duty pay. After enactment of the Career Compensation Act of 1949, supra, the retired pay of an officer retired for physical disability was fixed at a prescribed percentage of his active-duty pay, depending upon the degree of disability awarded him.
Plaintiff’s initial retired pay was based on his active-duty pay, which included a 5 percent factor for each 3 years of service. When he sought to come under the Career Compensation Act, supra, he was accordingly entitled to 70 percent of his active-duty pay. In each instance his retired pay was based on his active-duty pay, and an increase for length of service was included as a factor in determining active-duty pay.
Since plaintiff’s retired pay was based upon the active-duty pay of a Colonel with over 24 years and less than 27 years of service, his 1 year and 8 months active service in excess of 24 years and 1 day did not enter into the determination of his retired pay, inasmuch as he would have received the *205 same retired pay had he served only 24 years and 1 day on active duty.
In this posture the case presents exactly the same issue as was considered and disposed of in the Prentiss and Bond cases, sufra. Accordingly, plaintiff is entitled in computing retirement benefits under the provisions of the Civil Service Retirement Act, as amended, 46 Stat. 468, to include his 9 years and 8 months of civil service and 1 year and 8 months of “excess” military service, and is entitled to recover for all sums due him by reason of his Civil Service retirement for the period beginning August 3,1953, to date of judgment.
Defendant’s motion for summary judgment is denied and plaintiff’s motion for judgment on the pleadings is granted.
The amount of recovery will be determined pursuant to Rule 38 (c) of the Rules of this court.
It is so ordered.
Durfee, Judge, and MaddeN, Judge, concur.
JoNes, Chief Judge, dissents for the reasons stated in his dissent in Prentiss v. United States, 123 Ct. Cl. 225, 230.
Whitaker, Judge, took no part in the consideration and decision of this case.
In accordance with the opinion of the court and on a memorandum report of the commissioner as to the amount due thereunder, it was ordered on June 16, 1961, that judgment for plaintiff be entered for $4,308.11.

 Eor a fuller discussion of our current thinking regarding the continuing or multiple claim theory, especially in light of our recent opinion in Feldman v. United States, 149 Ct. Cl. 22, see our opinion in Roberts v. United States, this day decided, post, p. 360.