**CURZON v. UNITED STATES.**
No. 50129.

United States Court of Claims.
April 6, 1954.

198

Monroe Oppenheimer, Washington, D. C., Robert E. Sher, and Sher, Oppenheimer & Harris, Washington, D. C., on the briefs, for plaintiff.

LeRoy Southmayd, Jr., Washington, D. C., Warren E. Burger, Asst. Atty. Gen., for defendant.

Before JONES, Chief Judge, and LITTLETON, WHITAKER and MADDEN, Judges.

WHITAKER, Judge.

Plaintiff sues for the annuity to which he claims he is entitled under section 6 of the Civil Service Retirement Act, 5 U.S.C.A. § 710, in effect on September 2, 1947.[1] Section 6 provides:

"Any employee to whom this Act applies who shall have served for a total period of not less than five years, and who * * * becomes totally disabled for useful and efficient service * * * shall * * * be retired on an annuity computed in accordance with the provisions of section 4 hereof * * *."

The question presented is whether or not plaintiff served five years.

The method of computation of length of service is set out in section 5 of the Act, but before quoting this we shall briefly state the facts so that the applicable provisions of section 5 will be apparent.

Plaintiff was inducted into the military service on June 3, 1942. Prior to that time he had been a classified employee in the civil service of the United States, serving both in the Post Office Department and the Treasury Department, Bureau of Internal Revenue. At the time of his induction he had served in the civil service for a period of 4 years 11 months and 9 days, but, in addition, he was entitled to annual leave of 57 days, for which he was entitled to compensation under the Act of August 1, 1941, 55 Stat. 616, 5 U.S.C.A. § 61a, although at the same time he was entitled to pay for his military service. His annual leave expired on July 30, 1942. At the time of the expiration of his annual leave, if that is to be counted, he had served more than five years.

After the expiration of plaintiff's leave on July 30, 1942, he was carried on the rolls of the Bureau of Internal Revenue in a furlough status, and was continued in such status through September 30, 1947.

During his military service he received an injury to his spine which permanently incapacitated him. This injury was incurred in line of duty. He was discharged from the Army on November 1, 1947, for physical disability.

As above stated, the question in this case is whether or not plaintiff has had five years' civil service as computed under section 5 of the Civil Service Retirement Act of May 29, 1930, as amended. If so, he is entitled to an annuity under section 6 of the Act.

Section 5 says that in computing "the aggregate period of service which forms the basis for calculating the amount of any benefit provided in this Act", we shall start with "the date of original employment" and we shall include "periods of honorable service in the Army, Navy, Marine Corps, or Coast Guard of the United States"; but it says that in the

---

[1] The Civil Service Retirement Act was completely revised by the Act of May 29, 1930, 46 Stat. 468. Section 5 thereof, which is pertinent to our inquiry, was amended by the Act of October 14, 1940, 54 Stat. 1116; the Act of November 9, 1945, 59 Stat. 577; and the Act of December 21, 1945, 59 Stat. 621.

case of an employee who "receives retired pay on account of military or naval service, the period of service upon which such retired pay is. based shall not be included".

These are the clauses relied on by the plaintiff. Under them we think plaintiff has had the requisite five years. We think so for this reason: As stated, before his induction into the Army plaintiff had had 4 years 11 months and 9 days of civil service, and, if we add the 57 days of his accrued leave, he has had more than five years, and this we think should be done.

Section 5 of the Act entitles him to include "periods of honorable service in the Army, Navy, Marine Corps, or Coast Guard of the United States". This is followed by the restriction that if he receives retired pay on account of his military service "the period of service upon which such retired pay is based shall not be included". Since plaintiff was retired from the military service for physical disability, his retired pay from that service is not based on the length of his service, except in this particular: plaintiff's retired pay is based not only on his base pay, but also on the 5 per cent additional pay to which he is entitled under the Pay Adjustment Act of 1942, 56 Stat. 359, for every three years of service.

Under section 5 of the Civil Service Act of May 29, 1930, as amended, therefore, we must exclude three years of plaintiff's military service, because his retired pay is based in part on the fact that he had served three years; but plaintiff served, in addition to these three years, two more years and four months and twenty-nine days. This greatly exceeds the 57 days which he wishes to include in his civil service. We find nothing in the Act that prevents him from including at least this 57 days, if not, indeed, the full 2 years 4 months and 29 days, since his retired pay for military service does not take into consideration this 57 days, nor the 2 years 4 months and 29 days. The provision excluding military service upon which retired pay

is based, is the only applicable provision limiting his right to include "periods of honorable service in the Army."

This decision is in accord with our former decision in Prentiss v. United States, 105 F.Supp. 989, 123 Ct.Cl. 225. In that case we held that under an almost identical statute General Prentiss was entitled under the Retirement Act of 1920 to add to his civil service that portion of his military service which it was not necessary to take into account in computing his retired military pay.

It may be noted in passing that the proviso added by the Act of February 28, 1948, ch. 84, § 5, 62 Stat. 48, 50, was not in effect during the period with which we are concerned in this case. This proviso reads:

"*Provided,* That an officer or employee must have served for a total period of not less than five years exclusive of such military or naval service before he shall be eligible for annuity under this Act. * * *"

Of this proviso the Senate Report (Sen. Rep. 888, 80th Cong.2d Sess.) says:

"Section 5. This section requires that 5 years of civilian service be rendered before any employee may have title to annuity, *rather than a combination of civilian and military service as provided in the present law. * * *"* [Italics ours.]

Thus the Committee was of the opinion that under the law prior to the enactment of the proviso an employee was entitled to take into account his military service in computing the length of his civil service. We do not mean by this to intimate that plaintiff would not be entitled to recover had this proviso been in effect. He probably would have been entitled to add the 57 days of leave to the period of his active service, notwithstanding the proviso; but this we do not decide.

Furthermore: In the second paragraph of section 5 of the Civil Service Retirement Act of May 29, 1930, as amended, it is provided:

"In computing length of service for the purposes of this Act, all pe-

riods of separation from the service, and so much of any leaves of absence as may exceed six months in the aggregate in any calendar year, shall be excluded, *except leaves of absence granted employees while performing active military or naval service in the Army, Navy, Marine Corps, or Coast Guard of the United States * * *.*" [Italics ours.]

Under this paragraph we are not to exclude the leave of absence granted for military service in computing the "length of [his] service for the purposes of this Act."

Then in the third paragraph it is provided that:

"No officer or employee to whom this Act applies who during the period of any war * * * has left or leaves his position to enter the armed forces of the United States shall be considered as separated from such position for the purposes of this Act by reason of his service with the armed forces of the United States. * * *"

We are told by these two paragraphs that in computing length of service we shall exclude leaves of absence, except leaves of absence for service in the United States Army, and further that an officer serving in the United States Army shall not "be considered as separated from such position for the purposes of this Act." These paragraphs specifically say that a civil employee shall not be considered as having been separated from his position by reason of his service in the Army, and, by implication, at least, that in computing the length of his civil service he shall not exclude any leave of absence granted for service in the armed forces.

We, therefore, see no escape from the position that plaintiff is entitled to include his 57 days of leave, to which he was entitled and for which he has been paid, in computing his length of service.

Notwithstanding his military service during these 57 days, plaintiff is considered to have been on active duty in the Bureau of Internal Revenue, and he was paid for this service; hence, it seems necessarily to follow that he is entitled to count this 57 days in computing the length of his civil service.

In Hironimus v. Durant, 4 Cir., 168 F.2d 288, defendant was court-martialed for an offense committed while on terminal leave from the Army. Her defense was that she was not in the Army when the offense was committed, and, there, fore not subject to court-martial. However, the court held that she was still a member of the Army until her terminal leave had expired, and that, indeed, she was on active duty during the period of her terminal leave, and, therefore, that she was subject to military jurisdiction.

So it is here. Even though plaintiff was not engaged in duties with the Bureau of Internal Revenue during his 57 days' accrued annual leave, except for three days, he, nevertheless, was considered as being on active duty with that Bureau and was paid therefor. It necessarily follows, we think, that he is entitled to include this 57 days in computing his length of service as a civilian employee.

The parties have stipulated that the amount of the recovery to which plaintiff is entitled shall be computed by the General Accounting Office, without prejudice to the right of the parties to controvert the accuracy thereof. The entry of judgment, therefore, will be suspended until the incoming of a stipulation from the parties showing the amount due in accordance with this opinion, or, in the absence thereof, until the incoming of a report from a Commissioner showing the amount due.

It is so ordered.

JONES, Chief Judge, and MADDEN and LITTLETON, Judges, concur.