233 F.2d 471
 Adeline C. MONCRIEF, individually and as natural guardian of Patricia Y. Moncrief, a minor, Appellant,
v.
Marion B. FOLSOM, Secretary of the Department of Health, Education and Welfare, Appellee.
 No. 7112.
 United States Court of Appeals Fourth Circuit.
 Argued March 19, 1956.
 Decided April 9, 1956.
 
 Thomas M. Gittings, Jr., Bethesda, Md. (George W. Constable, Baltimore, Md., on brief), for appellant.
 William F. Mosner, Asst. U. S. Atty., Baltimore, Md. (George Cochran Doub, U. S. Atty., Baltimore, Md., on brief), for appellee.
 Before PARKER, Chief Judge, and SOPER and DOBIE, Circuit Judges.
 SOPER, Circuit Judge.
 
 
 1
 The question involved in this case is whether the widow and minor child of a veteran of World War II in the naval service of the United States are entitled to social security benefits under the provisions of the Social Security Act set out in 42 U.S.C.A. § 417(e) (1) (B). The interpretation of the statute was considered in an exhaustive opinion by Judge Chesnut in the District Court, 133 F.Supp. 152, who found against the claimant.
 
 
 2
 James Gilbert Moncrief served as a career man in the United States Navy from February 10, 1930 to November 18, 1949 when he was given credit for twenty years' service, released from active duty and became entitled to and received monthly retainer pay computed upon his length of service under 34 U.S. C.A. § 854c. After his discharge he secured civilian employment covered by the Social Security Act, 42 U.S.C.A. § 401 et seq., and established two quarters of social security coverage. On April 12, 1951, during the Korean emergency, he was recalled to active duty with the Navy under 34 U.S.C.A. § 854d and remained in active service at the Bainbridge Naval Training Center until his death on October 2, 1952.
 
 
 3
 Thereafter, on January 22, 1953 his widow applied to the Social Security Administration for mother's and children's benefit under 42 U.S.C.A. § 402(d, g). In order to support the claim it was necessary to show that the veteran had had at least six quarters of social security coverage under the statute. 42 U.S. C.A. §§ 413, 414(a, b). Since he had had only two quarters of coverage in civilian employment, the Social Security Administration looked to his naval service to ascertain whether the additional four quarters of coverage could be supplied under the provisions of 42 U.S.C.A. § 417(e) (1)[1] which provides that for purposes of entitlement to and the amount of any monthly benefit or lump sum death payment payable under the Social Security statute on the basis of wages of any veteran as defined in the Act, the veteran shall be deemed to have been paid wages in addition to wages actually paid of $160 in each month during any part of which he served in the active military or naval service of the United States between July 25, 1947 and January 1, 1954.
 
 
 4
 The additional four quarters were available if the active service of the veteran during this period could be considered in making the computation. Subsection 417(e) (1) (B), however, contains the specific provision that it shall not be applicable if a benefit, which is based, in whole or in part, upon active service between July 25, 1947 and January 1, 1954, is determined by any agency of the United States to be payable by it under any other law of the United States. The veteran had received such a benefit in the shape of monthly retainer pay upon a determination of the Navy under 34 U.S.C.A. § 854c from the date of his retirement on November 18, 1949, until he was recalled in active service on April 12, 1951. Since this retirement pay had been based in part upon his active service from July 25, 1947 to November 18, 1949, and this period was part of the exclusionary period from July 25, 1947 to January 1, 1954, as above set out, the Social Security Administration rejected the claim.[2] The pending suit was then instituted.
 
 
 5
 There can be no doubt that if the terms of § 417(e) (1) (B) are given their normal meaning, the denial of the claim by the Social Security Administration and the judgment of the District Court in favor of the Government were correct. The amount of the retirement pay to which the veteran became entitled upon his retirement on November 18, 1949 was based upon his active service for the period of twenty years ending on that date; and hence it was based in part upon the exclusionary period between July 25, 1947 and January 1, 1954, defined in the Act, that is, that part of the exclusionary period between July 25, 1947 and November 18, 1949. The provisions of the section allowing the veteran to compute his coverage on the assumption that he earned wages in the amount of $160 per month while in the active service therefore did not come into play. Congress had provided that he could not enjoy both the retainer pay and the benefits of the section under the circumstances above set out. There is no ambiguity in the terms of the Act in this respect.
 
 
 6
 The appellant's contention is based for the most part upon a passage in the report of the Senate Committee on Finance recommending the enactment of the statute where it was said: Code Cong.Service, 82d Cong., 2d Sess. (1952), page 2363.
 
 
 7
 "As in the case of World War II wage credits, the credits provided by the bill would not be given in any case where another benefit based on the same period of service is payable by any Federal agency other than the Veterans' Administration. Thus, for example, if credit is given under the civil service retirement system or any of the military retirement systems for the service in question, it could not be credited under old-age and survivors insurance." (Emphasis supplied.)
 
 
 8
 In other words, the appellant would have us read into the statute the words "same period of" so that in this respect the section would read:
 
 
 9
 "(B) a benefit * * * which is based in whole or in part, upon the same period of active military or naval service of such veteran on or after July 25, 1947, and prior to January 1, 1954."
 
 
 10
 Thereby the words "in whole or in part" in the Act would be restricted in their scope. The appellant suggests a number of reasons why such a limitation would be just to veterans situated as Moncrief was in this case, and would aid in carrying out the general purposes of the legislation. These arguments were carefully considered in the opinion of the District Court with which we are in accord, and they need not be repeated here. It is sufficient to say that if it had been the intent of Congress so to limit the application of the exception it would have done so, and having failed to take this course it is beyond our power to interpolate in the specific terms of the statute the more general phrase which the Committee used in their report during the progress of the legislation. The unambiguous language which they themselves inserted in the formal statute must be given preference over the descriptive terms of their informative report.
 
 
 11
 Affirmed.
 
 
 
 Notes:
 
 
 [1]
 "For purposes of determining entitlement to and the amount of any monthly benefit or lump-sum death payment payable under this subchapter on the basis of the wages and self-employment income of any veteran (as defined in paragraph (4) of this subsection), such veteran shall be deemed to have been paid wages (in addition to the wages, if any, actually paid to him) of $160 in each month during any part of which he served in the active military or naval service of the United States on or after July 25, 1947, and prior to January 1, 1954. This subsection shall not be applicable in the case of any monthly benefit or lump-sum death payment if —
 "(A) * * *
 "(B) a benefit (other than a benefit payable in a lump sum unless it is a commutation of, or a substitute for, periodic payments) which is based, in whole or in part, upon the active military or naval service of such veteran on or after July 25, 1947, and prior to January 1, 1954, is determined by any agency or wholly owned instrumentality of the United States (other than the Veterans' Administration) to be payable by it under any other law of the United States or under a system established by such agency or instrumentality."
 
 
 [2]
 This decision was consistent with long established administrative procedure and in accord with the applicable regulations which provide that the wages of $160 per month shall not be credited to the account of the veteran "if any part of the active service during the period referred to * * * has been credited toward another Federal benefit." 20 C.F.R. 1949 Ed.S. 404, 1351
 
 
 
 12
 PARKER, Chief Judge (dissenting).
 
 
 13
 I do not think that the language of the statute requires the interpretation placed upon it by the court, and certainly it should not be given that meaning, if it can be otherwise interpreted. The language "in whole or in part" refers to the other benefit upon which the benefit of the statute is excluded, not to the period between July 5, 1947 and July 1, 1955. The purpose of the statute was to give to those called into military or naval service the social security benefits which they might otherwise have earned in civilian employment if they had not been called into service; and there would have been no basis in law or in common sense in denying its benefit to a retired service man who had entered civilian employment and had been called back therefrom into service, merely because the period of service upon which his retirement was based reaches into the period for which the prior statute was extended. If the period of service used as a basis for the social security benefit has not been used as the basis of another benefit, this should be sufficient to entitle him to the benefit of the statute, and in my view this is the proper interpretation to place upon its language.
 
 
 14
 The interpretation placed upon the statute by the court leads to the absurd result that, because a veteran has received retirement status based upon service which reaches into the period for which the statute was extended, he is to be denied its benefits, whereas if the retirement had occurred prior to the period of extension he would have been entitled thereto. It leads also to the absurd result that a retired service man recalled to service, if his service prior to retirement reaches into the period for which the statute is extended, is for this reason alone denied the social security benefit to which a civilian called to service is entitled. To my mind, it seems perfectly certain that nothing of this sort was intended in the passage of the statute, whatever the literal interpretation of the language used. I think the statute should be interpreted in accordance with the clear intent of Congress, which was merely to provide that a period of service used as a basis for the other benefits specified should not be used as a basis for social security benefits. As said by the Supreme Court in United States v. Kirby, 7 Wall. 482, 19 L.Ed. 278, "All laws should receive a sensible construction. General terms should be so limited in their application as not to lead to injustice, oppression, or an absurd consequence. It will always, therefore, be presumed that the legislature intended exceptions to its language which would avoid results of this character. The reason of the law in such cases should prevail over its letter". See also Sorrells v. United States, 287 U.S. 435, 447-448, 53 S.Ct. 210, 77 L.Ed. 413; Commonwealth of Virginia v. Cannon, 4 Cir., 228 F.2d 313, 317.
 
 
 15
 Not only does the reason and purpose of the enactment support this interpretation, but it is supported also by the legislative history. The statute here under consideration is but an extension for the benefit of those drafted into service during the Korean war of the statute passed for the benefit of those drafted during World War II. 98 Cong.Record 5971. With respect to the purpose of the latter act, 42 U.S.C.A. § 417(a), the report of the Senate Finance Committee contains the following pertinent statement, Code Cong.Service, 81st Cong. 2d Sess. p. 3307:
 
 
 16
 "Your committee believes that World War II servicemen should have the same status under old-age and survivors insurance as they might have had if military service had not interfered with their employment. Accordingly, the bill would give servicemen wage credits of $160 for each month of military service performed during the World War II period. These wage credits would be given regardless of whether death occurred in service and whether veterans' benefits were payable. * * * However, your committee believes that war-service wage credits should be withheld when retirement or survivor insurance credit is given for the same period of military service under another governmental system, such as railroad retirement, civil-service retirement, or a military pension on account of age alone." (Italics supplied.)
 
 
 17
 With respect to the act here under consideration, the report of the Senate Finance Committee states, Code Cong. Service, 82d Cong. 2d Sess. p. 2363:
 
 
 18
 "As in the case of World War II wage credits, the credits provided by the bill would not be given in any case where another benefit based on the same period of service is payable by any Federal agency other than the Veterans' Administration. Thus, for example, if credit is given under the civil service retirement system or any of the military retirement systems for the service in question, it could not be credited under old-age and survivors insurance." (Italics supplied.)
 
 
 19
 Chairman Doughton of the House Ways and Means Committee had this to say as to the purpose of the statute (98 Cong.Record 5971):
 
 
 20
 "The 1950 amendments provided that those who served in the Armed Forces in World War II should get wage credits of $160 per month so that they would not be discriminated against in comparison with those who stayed home and worked in covered employment. It is apparent that those who have served in the present emergency, which in reality began before the shooting started in Korea, should receive similar treatment. Accordingly, the bill provides for similar wage credits from the end of World War II through 1953."
 
 
 21
 Moncrief's active service had ended in 1949. He had entered civilian employment and had established two quarters of social security coverage. He was unable to establish additional coverage as a result of being called back to active service in 1951. If he had been a civilian thus called into service, he would admittedly have been entitled to the benefit of the statute. I do not think that the statute should be construed to deny the benefit to him because of his retirement for prior services which ended more than two years before he was recalled.
 
 
 22
 It should be noted that the Court of Claims holds that military service in excess of that counted towards retirement can be counted as the basis of benefits under the Civil Service Retirement Act, 5 U.S.C.A. § 691 et seq., notwithstanding a provision of that act that it shall not apply to an employee subject to another retirement system. Prentiss v. United States, 105 F.Supp. 989, 123 Ct.Cl. 225; Curzon v. United States, 120 F.Supp. 197, 128 Ct.Cl. 5; Bond v. United States, Ct.Cl., 135 F.Supp. 433. While the language of the two statutes is not the same, these decisions are of importance in that they hold, contrary to argument here advanced, that it was not intended that a service man be excluded from the benefit based upon military service provided by such statutes as the ones there and here involved, merely because he has received military retirement benefits based upon other periods of such service.