Carl E. EGELER, Plaintiff,

v.

Arthur S. FLEMMING, Secretary of
Health, Education and Welfare,
Defendant.

No. 35037.

United States District Court
N. D. Ohio, E. D.

June 15, 1960.

Kenneth V. Nicola, Cleveland, Ohio,
for plaintiff.

Russell E. Ake, U. S. Atty., by G. W.
Morrison, Asst. U. S. Atty., Cleveland,
Ohio, for defendant.

KALBFLEISCH, District Judge.

This is a petition to review a decision
of the Secretary of Health, Education
and Welfare, hereinafter called the Sec-
retary, to the effect that the plaintiff was
not entitled to certain social security
benefits paid him in 1954 and 1955, by

reason of his being under the age of 72 and having received earnings in excess of the maximum allowed by statute. The Social Security Administration's action was accompanied by a demand that plaintiff return an amount equivalent to the benefits which had been paid to him during that period. Upon reconsideration, at plaintiff's request, the Administration's action was affirmed. Rec. 98, 99. Plaintiff then exercised his right to have the matter heard by the Secretary, through a referee. The referee ruled against the plaintiff. Rec. 12.

## I.

Plaintiff exhausted his administrative remedies under 42 U.S.C.A. § 405(b) when the Appeals Council of the Department of Health, Education and Welfare denied his request for review of the Referee's decision. Plaintiff filed this petition on January 8, 1959, pursuant to 42 U.S.C.A. § 405(g) which provides for judicial review of final decisions by the Secretary. Soon thereafter, as required, the Secretary filed a certified copy of the record of the case, which included a transcript of testimony of the hearing before the Referee, various exhibits received in connection with the hearing, and the text of the Referee's decision.

42 U.S.C.A. § 405(g) provides that the District Court "shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Secretary, with or without remanding the cause for a rehearing," and that "the findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive, * * *."

Both parties have filed motions for summary judgment under Rule 56, Federal Rules of Civil Procedure, 28 U.S. C.A., and neither suggests that there is a genuine issue as to any material fact.

## II.

The facts of this case are presented in part by the following excerpts from the Referee's opinion:

"Carl E. Egeler, the wage earner in this case, herein known as the claimant, attained age 65 on May 21, 1954, applied for old-age insurance benefits on June 2, 1954, and became entitled to such benefits effective May 1954 in the amount of $85 a month, and this amount was raised to $98.50 a month effective September 1954. A work deduction was applied to his award for May 1954, but benefits were paid to him for all months from June 1954 through November 1955.

"After making a wage investigation, the Bureau of Old-Age and Survivors Insurance of the Social Security Administration, hereinafter mentioned as the Bureau, applied work deductions to the claimant's award from October 1954 because of services rendered by him as a civilian employee of the United States Army. On December 9, 1955, the Bureau sent the claimant a letter to that effect.

"Acting upon the claimant's request, the Bureau reconsidered its action regarding deductions, and on February 1, 1957 sent the claimant a letter confirming its original determination, holding that all the claimant's services in branches of the Department of Defense since October 1954, were rendered as an employee and not as a self-employed person, and that he was subject to work deductions for the months of October, November and December 1954, because he had earned wages in excess of $75 in each of those months. The Bureau also notified him that his net earnings for 1955 amounted to $1,899.12, and that he was subject to 9 months deductions in 1955. The Bureau's above action was based on a determination that in 1954 and 1955 the claimant's services for the Defense Department were rendered as a civilian employee and not as a self-employed individual. The claimant has questioned the correctness of that determination. Therefore, the main issue for consideration at the hear-

ing was whether the claimant was an employee of the Defense Department during the above period. A secondary question was this: If he was such an employee, and if deductions were properly applicable, can the resulting overpayment legally be waived under section 204(b) of the Social Security Act [42 U.S.C.A. § 404(b)]?

"The claimant is an electrical engineer, and a graduate of Purdue University. He retired about June 1, 1954, and promptly opened an office as a consulting engineer, an office which he has apparently maintained ever since. In August 1954 he was appointed by the Department of Defense to do work as a consultant for Fort Belvoir, Virginia, on a part-time basis, and was to be paid $50 a day for his services when actually employed. He says that while doing this work he received his travel expenses, but his statement is not supported by any documentary evidence. His work at that place was during the period August 8, 1954, to June 28, 1955, and when he was employed he received a 'Notification of Personnel Action' on Civil Service Standard Form 50, which indicated that he was an employee and that social security taxes would be deducted from his pay considered as wages. The claimant agrees that in each of the months, October, November, and December 1954, he earned and was paid $100 by the United States Army, Engineer Research and Development Laboratory, Engineer Center, Fort Belvoir, Virginia, and that social security taxes were deducted from his pay. He also agrees that he rendered services for this organization every month from January through May of 1955, but was paid only in January, February, and May ($100 in each month).

"Investigation in this case established that Regulations AR35-7914 of the Department of Defense pro-vide for hiring consultants on a per-diem basis as *employees;* and in response to a specific request made by the Bureau, the Defense Department advised that the claimant was hired as an *employee* and not as an independent contractor; that he was hired as a consultant on a per-diem basis for a limited period of time, as any other temporary employee not subject to Civil Service regulations.

"In April 1955 the claimant established a similar business relationship with the Department of the Air Force at Wright Patterson Air Force Base, Dayton, Ohio, and he received a 'Notification of Personnel Action' on Civil Service Standard Form 50, which indicated that he was an employee, and that social security taxes would be deducted from his pay considered as wages. Similar notifications were given to him in 1956 and 1957. And in response to a specific request by the Social Security Administration, the Department of the Air Force advised that the claimant had performed his services as an *employee.* The claimant also established a similar relationship with the Bureau of Standards in 1956 and 1957. The claimant's rate of pay in 1955 was $50 a day, but he says he did not receive any travel expenses while working for the Wright Patterson Air Force Base. He testified that in every month of 1955 he rendered substantial services in his self-employed business, exclusive of his work for the Defense Department; and the record indicates that he earned more than $80 from the two branches of the Defense Department in every month of 1955 except March, July and December.

"*In 1955* the claimant received from the Wright Patterson Air Force Base $1,525, and $300 from the Engineer Research and Development Laboratory at Fort Belvoir, or a total of $1,825 from the two sourc-

es (which was apparently reported as wages). This is not disputed. The claimant's gross income from his self-employment business (not related to his work for the Defense Department) was $917.86 in 1955, and his net income from that business was $74.12. In this case the record indicates that the claimant did considerable work of this kind (not related to the Defense Department) in 1955, for which he did not receive any compensation.

" * * * Moreover, both Defense Department branches mentioned above appointed the claimant as an employee, and notified him that social security taxes would be deducted from his pay. Neither of the above branches of the Defense Department told him that he was not an employee, yet he says he did not inquire of the Social Security Administration or any other Government agency to ascertain his social security status before engaging to work for the Defense Department, or when that Department started to deduct social security taxes from his pay. He says he did not talk to a social security representative about the matter until the deduction question was brought to his attention by the Bureau. He does not contend that any Government agency gave him incorrect information regarding his employment status in 1954 and 1955, and he freely admits that he did not make any substantial effort to ascertain his social security status while working for the Defense Department. His contention is that he was not an employee of the Defense Department in 1954 and 1955; that even though he knew he was being treated as an employee by the above branches of the Defense Department, he considered himself self-employed, and by considering his income from the Defense Department as self-employment income rather than wages, he figures his net earnings from self-employment in both years 1954 and 1955 would have been less than $400.

"In view of the above, the referee finds that the appropriate Federal agency or instrumentality (Defense Department) determined that the claimant was an employee of Engineer Research and Development Laboratory in 1954 and 1955, and that he was an employee of Wright Patterson Air Force Base in 1955 and 1956. The referee also finds that the claimant rendered services for pay in excess of $75 in each month from October to December 1954; that he rendered services for pay in excess of $80 in every month in 1955 except March, July, and December, and that he rendered substantial services as a self-employed person in every month of that year. The referee finds still further that in 1955 he received $1,825 as wages as an employee of the Defense Department, and $74.12 as net earnings from self-employment from business not connected with the Defense Department, and that the deduction provisions of the Social Security Act were explained to him when he filed his claim. The referee also finds that while the claimant may honestly believe he was a self-employed person with respect to his activities with the Defense Department, he did not exercise a high degree of care in determining whether the circumstances surrounding his work for the Defense Department were such as to cause deductions from his benefits, and such as should be brought to the attention of the Administration.

" * * * If this claimant was an employee of the above branches of the Defense Department in 1955, his annual earnings consisted of wages of $1,825, plus net earnings from self-employment of $74.12, or $1,899.12. In this case there was no net loss from self-employment; and the referee knows of no provision in the law authorizing the Social

Security Administration to make expense deductions in a case like this from the amount which has been determined (by another Federal agency under section 205(p) of the Social Security Act), to be wages for employment. Therefore, if the claimant was an employee of the above branches of the Defense Department in 1955, his annual earnings for 1955 were $1,899.12, and since he either earned wages of more than $80 a month or rendered substantial services as a self-employed person in every month of that year, nine work deductions were properly imposed for 1955 under section 203(b) and (e) of the Social Security Act [42 U.S.C.A. § 403(b, e) ]."

With respect to his work for the Department of Defense, the following uncontroverted facts appear from the transcript of the hearing before the Referee and the exhibits in the record: Plaintiff's title was that of "expert" or "consultant," Ex. 10 (Rec. 64), Ex. 11 (Rec. 68), Ex. 15 (Rec. 78), and Ex. 30 (Rec. 104); he carried out "assignments on illumination, lamp and associated projects and consulted on others," Ex. 10 (Rec. 64) and Ex. 11 (Rec. 68); most of the work was to be performed at his own office or, when necessary, by visiting manufacturers and laboratories "to develop the desired information and data," (Rec. 38), Ex. 10 (Rec. 64), Ex. 11 (Rec. 68), Ex. 30 (Rec. 104); he used and maintained a completely furnished office, including technical and reference files, library and drafting tools representing an investment of about $6,400, Ex. 10 (Rec. 65) and Ex. 11 (Rec. 69); his working hours were not fixed, Ex. 12 (Rec. 74) and Ex. 30 (Rec. 104); expenses connected with his Department of Defense work consisted primarily of office maintenance, travel, long distance calls and operation of a business automobile (Rec. 25), Ex. 10 (Rec. 65), and Ex. 11 (Rec. 69); he received no reimbursement for travel expenses, Ex. 10 (Rec. 65) and Ex. 11 (Rec. 69), except perhaps for some of his work at Fort Belboir (Rec. 8, 34, 35); nor did he receive reimbursement for any other expenses (Rec. 33, 34), Ex. 30 (Rec. 104–105). The performance of plaintiff's work as a consulting engineer was not supervised and the Government neither retained nor asserted any supervisory rights, Ex. 11 (Rec. 70), Ex. 12 (Rec. 74), and Ex. 30 (Rec. 104), although it could set the order of his services to some extent, Ex. 10 (Rec. 66); his oral and written reports were "accepted without question." Ex. 10 (Rec. 66) and Ex. 11 (Rec. 70). Plaintiff's appointments for his Army work were limited to ninety days or less for the fiscal years 1955 and 1956 (Rec. 28), Ex. 12 (Rec. 74), while a maximum of sixty days' employment per year applied to his Air Force assignments for the fiscal years 1955 and 1956, Ex. 16 (Rec. 79).

The reduction of plaintiff's Social Security benefits was effected under 42 U.S.C.A. § 403(b) (1) which applies to persons under the age of 72 charged with annual earnings exceeding $1,200 under section 403(e).

The Referee's conclusions as to the plaintiff's status are as follows (Rec. 11):

"Accordingly the first and main question for consideration is whether the claimant was an employee of the above organizations in 1954 and 1955.

"Under section 205(p) of the Social Security Act as amended in 1954, in a case like this the Social Security Administration must accept the findings of the head of the appropriate Federal agency, or a designated agent of such head, as to the employment status of an individual like the claimant, periods of employment, amounts of wages paid for such employment, etc. This statute is mandatory and leaves no discretion with the Social Security Administration. In view of this fact, the referee holds that the claimant was an employee of the above branches of the Defense Depart-

ment in 1954 and 1955; that the remuneration which that department reported as wages had constituted wages for social security purposes, and that the above deductions were properly applicable to his award."

If, as the Referee has held, the plaintiff was an employee within the terms of the Social Security Act, then the pay he received for his work with the Department of Defense constituted wages which could not be reduced by his related business expenses. Consequently, his earnings during the relevant period would have been, as the Referee held, in excess of the stautory maximum of $1,200. But if, as plaintiff contends, his earnings from the Department of Defense were from self-employment, rather than wages as an employee, then he properly could have charged his Department of Defense business expenses against his earnings (42 U.S.C.A. § 411(a)) with the result that his net earnings during the relevant period would have been less than the statutory $1,200.

The Referee based his decision on: (1) what he considered to have been a determination of plaintiff's employment status by the Department of Defense, and (2) his conclusion that under 42 U.S.C.A. § 405(p) the Administration was required to accept as conclusive the findings of the Department of Defense as to such employment status, no discretion being left to the Secretary.

42 U.S.C.A. § 405(p) (1) and (2) provides as follows:

"(1) With respect to service included as employment under section 410 of this title which is performed in the employ of the United States or in the employ of any instrumentality which is wholly owned by the United States, including service, performed as a member of a uniformed service to which the provisions of subsection (m) (1) of such section are applicable, the Secretary shall not make determinations as to whether an individual has performed such service, the periods of such service, the amounts of remuneration for such service which constitute wages under the provisions of section 409 of this title, or the periods in which or for which such wages were paid, but shall accept the determinations with respect thereto of the head of the appropriate Federal agency or instrumentality, and of such agents as such head may designate, as evidenced by returns filed in accordance with the provisions of section 1420(e) of Title 26 and certifications made pursuant to this subsection. Such determinations shall be final and conclusive.

"(2) The head of any such agency or instrumentality is authorized and directed, upon written request of the Secretary, to make certification to him with respect to any matter determinable for the Secretary by such head or his agents under this subsection, which the Secretary finds necessary in administering this subchapter."

While the provisions of section 405(p) (1) may not be as clear as they might be with respect to whether the head of the appropriate Federal agency is to determine the employment status of an individual rendering service therefor, section 1420(e) (now section 3122) of Title 26 U.S.C. referred to therein, removes any ambiguity. It provides that:

"* * * the determination whether an individual has performed service which constitutes employment as defined in section 3121(b), * * * shall be made by the head of the Federal agency or instrumentality having the control of such service * * *."

Section 3121(b) of Title 26 U.S.C. defines the term "employment" as being "any service, of whatever nature, performed after 1954 either (A) by an employee for the person employing him, * * * (i) within the United States, * * *." The term "employee" is thereafter defined in subsection (d) of section 3121 (to the extent relevant here) as:

"(2) any individual who, under the usual common law rules applicable in determining the employer-employee relationship, has the status of an employee;"

Though the Court is "most prone to liberally construe the Social Security Act in favor of the party seeking its benefits," Lietz v. Flemming, 6 Cir., 1959, 264 F.2d 311, 313, the statutes clearly provide that the determination of the employment status of plaintiff is to be made by the Secretary of Defense and such agents as he may designate, that such determination shall be final and conclusive, and that the Secretary of Health, Education and Welfare shall not make such a determination. The Referee's finding that the Department of Defense determined plaintiff to be its employee during the relevant periods is supported by substantial evidence.

If plaintiff is afforded an opportunity for judicial review of the determination by the Secretary of Defense, it would appear to be by an action under 5 U.S.C.A. § 1009, the Administrative Procedure Act, with the Secretary of Defense as a party.

### III.

There remains the question of whether recovery by the Government of the overpayment of benefits by the Administration to plaintiff should be waived under 42 U.S.C.A. § 404. Subsection (b) thereof provides that:

"(b) There shall be no adjustment or recovery by the United States in any case where incorrect payment has been made to an individual who is without fault (including payments made prior to January 1, 1940), and where adjustment or recovery would defeat the purpose of this subchapter or would be against equity and good conscience."

The Referee held that the plaintiff was "not without fault" within the meaning of the statute and Section 404.510 of Social Security Administration Regulations (42 U.S.C.A.Appendix), in that he had not exercised the "high degree of care" required by Regulation 404.511. His good faith was not questioned.

While the decision of the Secretary of Defense that plaintiff was an employee rather than a self-employed person or independent contractor is not before this Court for review, it must be noted that the facts as found by the Referee and additional evidence in the record strongly suggest that plaintiff may have been an employee under the usual common-law rules governing employer-employee relationships. Where plaintiff was being employed for periods not exceeding sixty or ninety days per year and was being paid a fixed amount per day out of which he was expected to meet his own expenses, including the furnishing and maintenance of an office, long distance calls and operation of his automobile, it was not unreasonable for him to conclude that his expenses could be set off against his gross earnings. The mere fact that social security taxes were being deducted from plaintiff's pay would not appear to be a matter of such peculiar significance as to warn him that his expenses were non-deductible. The Referee's conclusion that plaintiff was "not without fault" therefore will be set aside as not being supported by substantial evidence. Instead, the Court finds from the evidence that plaintiff was "without fault" in that it was not unreasonable for him to assume that his relevant business expenses were deductible from his gross earnings from the Government for the purpose of determining his net earnings therefrom and that, until the matter was called to his attention, he was "unaware that his earnings were in excess of the allowable limit of earnings * * * because of: * * * (3) Work at higher paid work than realized; * * *." Regulation 404.510, 42 U.S.C.A.Appendix.

Since the Referee had found the plaintiff not to be without fault he did not decide the further question under 42 U.S.C.A. § 404(b), as to whether repayment

"would defeat the purpose of this subchapter or would be against equity and good conscience."

The Referee's decision with respect to plaintiff's employee status with the Department of Defense is affirmed and the case will be remanded to the Secretary of. Health, Education and Welfare for such further proceedings with respect to the overpayments as may be necessary, in accordance with this opinion.