Laphane J. SUTHERLAND and Laphane J. Sutherland on behalf of Daniel Ray Sutherland, David Arthur Sutherland, Patti Lynn Sutherland and Teresa Sue Sutherland, Plaintiff

v.

Arthur S. FLEMMING, Secretary of Health, Education, and Welfare, Defendant.

Civ. A. No. 1090.

United States District Court
N. D. Alabama,
Northwestern Division.

Nov. 22, 1960.

George W. Howell, Pascagoula, Miss., for plaintiff.

W. L. Longshore, U. S. Atty., and M. L. Tanner and John P. Maxwell, Asst. U. S. Attys., Birmingham, Ala., for defendant.

LYNNE, Chief Judge.

Suing under Title 42, U.S.C.A., Section 405(g), plaintiff is here seeking to review the Secretary's decision that the military service of plaintiff's deceased husband could not be used pursuant to 42 U.S.C.A. § 417(a) and (e) [1] to establish that he

1. These sections provide, in pertinent part, that veterans who served during specified periods—plaintiff's husband served during each period—"shall be deemed to have been paid wages (in addition to the wages, if any, actually paid to him) of $160 in each month during any part of which he served in the active military or naval service of the United States * * *. This subsection shall not be applicable in the case of any monthly benefit or lump-sum death payment if—

*    *    *    *    *

"(B) A benefit * * * which is based, in whole or in part, upon the active military or naval service of such veteran * * * is determined by any agency or wholly owned instrumentality of the United States (other than the Veterans' Administration) to be payable by it under any other law of the United States or under a system established by such agency or instrumentality."

was either a fully or currently insured individual at the time of his death.

The deceased spent his entire working career in the United States Navy. He was honorably discharged on October 31, 1955, and became entitled to retirement benefits. On November 16, 1955, prior to his receipt of any payments, he was killed in an automobile accident.

Fortuitously, the deceased had made an election under the Uniformed Services Contingency Option Act, 10 U.S.C.A. § 1431 et seq., whereby his retirement pay was actuarily reduced in order to provide his widow an annuity in the event she survived him. As a result of such election, she is now drawing an annuity of $73.12 per month from the Navy Department.

A referee of the Social Security Administration held that plaintiff was not within the coverage granted by the above-mentioned statutes both because (1) the deceased was entitled to a retirement payment from the Navy Department based in part upon his naval service during World War II and (2) the monthly annuity currently drawn by claimant is a "benefit" within the purview of those statutes.

Upon review the Appeals Council revised the holding of the referee, stating that it is not material in this case whether the claimant's annuity is based on the veteran's service during the specified periods, and grounded its decision solely on the fact that "the Navy Department has determined a retirement benefit to be payable to the deceased" based on his service during such periods.

It is conceded that the Secretary has correctly applied the regulations to the undisputed facts but plaintiff insists that the governing regulation [2] is invalid and without legal authority under the statute. Plaintiff's second contention is that her annuity is purely and simply an insurance arrangement which the deceased purchased, just as he might have purchased from an insurance company, actuarily computed so that the over-all payments under the Contingency Option Act would be at no additional cost to the government.[3]

■ Careful analysis of the statute leads me inescapably to the conclusion that the regulation is in accord with the statute and that resolution of the second contention is immaterial to a decision of this case. The statute provides that a veteran shall be deemed to have been paid wages unless "a benefit * * * is determined by any agency * * * of the United States (other than the Veterans' Administration) to be payable by it * * *." The fact that a determination was made that the veteran was entitled to the benefit of retirement pay on account of his military service precludes the presumption that he was paid wages during such service. Any ambiguity which is injected into the statute by Section 417(e) (2) [4] is dispelled by a search of the legislative history [5] indicating the policy of Congress to withhold the credit provided in this section where credit is given under a military retirement system.

■ In a much closer case, the Court of Appeals for the Fourth Circuit declined to do violence to the clear language

---

2. The portion of the regulation, Section 404.1309, referred to is as follows:
   "If the Administrator (now Secretary) has been notified by a department, agency or wholly owned instrumentality of the United States that a 'Federal benefit' (see Section 404.1307) has been determined by it to be payable (even though later terminated) to anyone (including dependents or survivors) on the basis of the active service, * * *."

3. U.S.Code Cong.Serv.1953, p. 2265 ff.

4. Section 417(e) (2) provides for allowance of such credits unless another benefit based on the Naval service *"has been determined * * * to be payable."* This section goes on to say that if the Secretary has not been so notified, he will ascertain whether or not such a benefit is *payable.* And if thereafter some government agency determines that such a benefit *is payable,* it shall notify the Secretary.

5. U.S.Code Cong.Serv.1950, p. 3307; U.S. Code Cong.Serv.1952, p. 2368.

of the statute. Moncrief v. Folsom, 233 F.2d 471. While a court may adopt a liberal approach to the problem of construing a statute, it ought to resist the temptation to legislate. The decision of the Secretary is affirmed.