**Boyd Berdell KINDIG, Plaintiff,**

v.

**Abraham RIBICOFF, Secretary, Department of Health, Education and Welfare, Defendant.**

**Civ. A. No. 3554.**

United States District Court
E. D. Virginia,
Norfolk Division.

Feb. 2, 1962.

Sacks, Sacks & Kendall, Norfolk, Va., for plaintiff.

Roger T. Williams, Asst. U. S. Atty., Norfolk, Va., for the Government.

MICHIE, District Judge.

This action was brought to review a decision of a Hearing Examiner of the Department of Health, Education and Welfare holding that the plaintiff, Boyd Berdell Kindig, was not entitled to the establishment of a period of disability under § 216(i) of the Social Security Act, as amended (42 U.S.C.A. § 416(i)), nor to disability insurance benefits under § 223 of said Act (42 U.S.C.A. § 423). The Appeals Council of the Social Security Administration having denied a review of the Examiner's holding, that holding became a final decision of the Secretary of Health, Education and Welfare (hereinafter called the Secretary) and therefore reviewable by action in this court under § 205(g) of said Act (42 U.S.C.A. § 405 (g)).

On May 3, 1957 the claimant filed applications for disability insurance benefits and to establish a period of disability as of September 1, 1948 on the ground that cataracts in his eyes had left him with only partial vision in one eye and no vision in the other eye. Upon the denial of disability by the Board of Old Age and Survivors Insurance he asked a reconsideration and on April 22, 1958 he was advised that the claim had been reconsidered and the prior decision determined to be correct. He then requested a hearing which was held and the Referee (now Hearing Examiner) affirmed the determination of the Bureau. Claimant requested a review which was denied by the Office of the Appeals Council and as no civil action was commenced in the court based on that denial it is now res adjudicata (50 C.J.S. Judgments § 689, p. 148) that the claimant was not disabled by September 1, 1948.

On April 20, 1959 the plaintiff filed a new application for disability insurance benefits and for the establishment of a period of disability, claiming that he became unable to work in March 1952 because of "blindness, heart condition, high blood pressure". Substantially the same administrative remedies were then invoked through all the processes above mentioned, again with the result that no relief was granted and the complainant then commenced this suit in this court.

Section 205(g) of the Act (42 U.S.C.A. § 405(g)) provides that in such a proceeding as this the "findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive." And the definitions of "disability" in § 216(i) of the Act (42 U.S.C.A. § 416(i) (1)), applicable to the establishment of a period of disability, and in § 223(c), (42 U.S.C.A. § 423(c)) applicable to disability insurance benefits, are identical as applied to the facts of this case, namely, "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or to be of long-continued and indefinite duration." Section 216(i) (42 U.S.C.A. § 416(i)) adds blindness as an additional definition of "disability" except for the purposes of sections 402(d), 423 and 425, blindness for this purpose being there defined as follows:

> " * * * and the term 'blindness' means central visual acuity of 5/200 or less in the better eye with the use of a correcting lens. An eye in which the visual field is reduced to five degrees or less concentric contraction shall be considered for the purpose of this paragraph as having a central visual acuity of 5/200 or less. * * * "

Though the plaintiff here complains of being "blind" it is conceded by plaintiff's attorney in this case that his quite serious loss of vision still does not amount to blindness as so defined.

The plaintiff served for many years with the United States Marine Corps and his only employment which would entitle him to benefits under the Act has been with the Marine Corps. He was transferred to the retired list of the Marine Corps on March 1, 1948 after completion of more than 30 years of service. He is entitled to retirement pay from the Marine Corps but waived retirement effective September 1, 1950 as he found that he could get an award of Veterans Administration compensation which paid

him more than his retirement paid and he could not draw both.

Plaintiff having been employed only in the United States Marine Corps is entitled to disability insurance benefits, if at all, only under § 217(a) (1) of the Act (42 U.S.C.A. § 417(a) (1) which provides as follows:

"For purposes of determining entitlement to and the amount of any monthly benefit for any month after August 1950 * * * payable under this title on the basis of the wages and self-employment income of any World War II veteran, and for purposes of section 216(i) (3), such veteran shall be deemed to have been paid wages * * * of $160 in each month during any part of which he served in the active military or naval service of the United States during World War II. * * * *"

The foregoing is the legal basis for his claim. However that section further provides as follows:

" * * * This subsection shall not be applicable in the case of any monthly benefit or lump-sum death payment if—* * *

* * * * *

"(B) a benefit * * * which is based, in whole or in part, upon the active military or naval service of such veteran during World War II is determined by any agency or wholly owned instrumentality of the United States (other than the Veterans' Administration) to be payable by it under any other law of the United States or under a system established by such agency or instrumentality.

* * * * * *

"The provisions of clause (B) shall also not apply for purposes of section 216(i) (3) [quarters of coverage for a period of disability]."

Section 217(e) of the Act (42 U.S.C.A. § 417(e)) contains basically similar provisions relating to individuals serving in the active military or naval service of the United States on or after July 25, 1947 and prior to January 1, 1957.

It will be seen therefore that since it has been determined that the plaintiff was entitled to payments under the provisions for retirement pay he cannot use his period of service also to entitle him to disability insurance benefits under the Social Security Act. The receipt of benefits from the V. A. under the provision last quoted would not affect him if it were not that it has been determined that he was entitled to retirement pay.

Consequently the plaintiff is not entitled to disability insurance benefits under the Act. See Moncrief v. Folsom (4th Cir.1956) 233 F.2d 471; Sutherland v. Flemming, D.C., 189 F.Supp. 712.

Is he then entitled to the establishment of a period of disability?

Plaintiff's attorney rather indicates in his memorandum that this question is of no moment and very likely that is and will be true. However it would appear that he is not entitled to the establishment of such a period of disability.

In this connection it must be remembered that in the definition of "blindness" as a separate ground of disability in § 216(i) (1) (42 U.S.C.A. § 416(i) (1)) (which is applicable to the establishment of a period of disability under said section though not to disability for disability insurance benefits under § 223) the requirement is for a central visual acuity of 5/200 or less. It is conceded that this test is not met by the plaintiff and apparently has never been met at the time of any of the examinations in the record. And if the statutory test of blindness is not met, can any less loss of vision be deemed to constitute a disability? If Congress says that "blindness" to a certain extent shall constitute a disability it is certainly a fair inference that loss of vision to any lesser extent is not to be deemed to constitute a disability. And, though I have found no case so holding, I feel that I must so conclude and hold that plaintiff is not entitled to the establishment of a period of disability by reason of his loss of sight which is less than Congress has estab-

lished as a standard of "blindness" which will constitute a disability for this purpose.

In addition it will be remembered that it has become res adjudicata that plaintiff was not disabled as of September 1, 1948. Plaintiff last met the "coverage" requirements of the Act on March 31, 1953 so that any disability ensuing subsequent to that date would not entitle him to any benefits under the act. The record does not include reports of the condition of plaintiff's eyes on those dates but it seems clear that he was entirely blind in his left eye on both dates and that the condition of his right eye was almost certainly better on March 31, 1953 than on September 1, 1948 as a result of a cataract operation which took place during that period.

Finally it should be added that the plaintiff's serious complaints with respect to a heart condition, a mental condition, etc. which came on in 1957 and probably did disable the plaintiff came too long after the applicant last met the coverage requirements of the Act to be considered.

It follows from the foregoing that the plaintiff is not entitled to disability insurance benefits or to the establishment of a period of disability under the Act.

An order will be entered accordingly.