**Frank SHAPIRO, Plaintiff-Appellant,**

v.

**Abraham RIBICOFF as Secretary of Health, Education & Welfare of the United States of America, Defendant-Appellee.**

No. 319, Docket 28093.

United States Court of Appeals Second Circuit.

Submitted March 11, 1963.

Decided April 17, 1963.

Frank Shapiro, plaintiff-appellant, appearing pro se.

Arthur S. Olick, Asst. U. S. Atty., Southern District of New York (Robert M. Morgenthau, U. S. Atty., on the brief), for defendant-appellee.

Before MOORE, FRIENDLY and SMITH, Circuit Judges.

MOORE, Circuit Judge.

This case came before us on a motion to dismiss the appeal because of the appellant's failure to prosecute the same. We denied the motion and, with the approval of both parties, decided to hear the appeal on the basis of the record in the district court. The appeal is taken by the plaintiff below from a judgment on the pleadings in defendant's favor entered in the United States District Court for the Southern District of New York on April 10, 1962.

Plaintiff, suing *pro se* and as a poor person, brought the action under Section 205(g) of the Social Security Act, as amended, 42 U.S.C. § 405(g), to review a final decision of the Secretary of Health, Education and Welfare which denied the plaintiff old-age insurance benefits for any period prior to November, 1953, because it was not until that month that plaintiff earned his sixth and qualifying quarter of coverage requisite to statutory status as a "fully insured" person. 42 U.S.C. § 414(a) (2). The amount in question is $360 plus interest, representing $30 a month from April 10, 1954 to April 10, 1955. Plaintiff claims he is entitled to this amount because he should have been credited with "wages" earned in May or June 1953 in connection with his alleged employment by a Madame Duprey, the proprietress of a dress shop. The hearing examiner found that the services performed for Madame Duprey were not performed in the course of an employer-employee relationship but were those of an independent contractor and did not constitute wages (42 U.S.C. §§ 409, 410(a), 410(k) (2)), and that, in any event, actual payments for such services were not received until November 1955 so that such remuneration could not be allocated to the quarters in which appellant claims it should have been paid.

In determining whether services are rendered as an employee or as an independent contractor, the factor of the right to control not only the result, but also the details of performance, is of considerable importance. Ringling Bros.-Barnum & Bailey Combined Shows, Inc. v. Higgins, 189 F.2d 865 (2d Cir. 1951); Zipser v. Ewing, 197 F.2d 728 (2d Cir. 1952); Cody v. Ribicoff, 289 F.2d 394 (8th Cir. 1961); 20 C.F.R. No. 404.1004 (c). Also of importance are such factors as to the right to discharge, the furnishing of tools and work and the permanency of the relation. Ringling Bros.-Barnum & Bailey Combined Shows, Inc. v. Higgins, supra; Cody v. Ribicoff, supra; 20 C.F.R. No. 404.1004(c).

The record of the proceedings before the hearing examiner indicates that appellant operated his own business as a dress contractor and pattern-maker in the ladies clothing industry and maintained a small factory employing between two and five people for that purpose. He met Duprey, a custom dressmaker, as the result of an advertisement in a trade publication and the two explored the possibility of becoming partners in the manufacture of ladies dresses. The partnership never materialized but when Duprey opened her own dressmaking shop she engaged the plaintiff to make some patterns for her. Plaintiff contended before the examiner that he was to be paid for this work on an hourly basis but in subsequent litigation over payment for these services he claimed that Duprey agreed to pay him $150 for this pattern work.[1]

The services were performed at Duprey's place of business but appellant supplied his own tools and equipment. These services were supplied only as Duprey required them for particular dresses and were performed only in appellant's "off" hours and at his own convenience. At the time he performed these services for Duprey, appellant performed the same and similar services for other customers, both at his factory and the customer's place of business. As to the nature of his services, Duprey would show him a picture or drawing of a dress and

---

[1.] This litigation terminated in a settlement whereby appellant received $125 ($50 of this to his attorney) on November 14, 1955. This is the amount appellant contends should have been credited to him for the year 1953.

provide him the measurements and material but exercised no control over the work performed by appellant. From this brief review of the record and the applicable standards, it is clear that the Secretary's determination is based on substantial evidence and is therefore conclusive. 42 U.S.C. § 405(g); Dondero v. Celebreeze, 2d Cir., 312 F.2d 677; Newman v. Celebreeze, 2d Cir., 310 F.2d 780; Poss v. Ribicoff, 289 F.2d 10 (2d Cir., 1961), cert. denied, 368 U.S. 902, 82 S.Ct. 178, 7 L.Ed.2d 96 (1962).

Affirmed.