Gerald S. MORRIS, Plaintiff,

v.

Anthony J. CELEBREZZE, Secretary of Health, Education and Welfare, Defendant.

No. 63–C–1349.

United States District Court E. D. New York.

Feb. 11, 1965.

Gerald S. Morris, pro se.

Joseph P. Hoey, U. S. Atty. Eastern District of New York, Ronald Gene Wohl, Asst. U. S. Atty., for defendant

BARTELS, District Judge.

This is an action pursuant to § 205(g) of the Social Security Act[1] (Act), brought to review the final decision of the Social Security Administration (Administration) holding that the petitioner Gerald S. Morris "is not entitled to old-age insurance benefits based on his application filed on September 14, 1960, that he was properly awarded old-age insurance benefits effective August 1961 based on his application of March 10, 1961 and that his benefit rate was properly computed under the provisions of the Social Security Act." (Tr. p. 9.)

In contesting the correctness of the Administration's determinations and resisting the Government's motion for summary judgment under Rule 56, Fed.Rules Civ.Proc., 28 U.S.C.A., the petitioner, acting pro se, makes the following allegations: (1) Credit for military service from 1943–1946 was erroneously withheld in determining whether petitioner had the requisite quarters of coverage at the time of his initial application and

1. 42 U.S.C.A. § 405(g).

the rate to which he was entitled in computing benefits under the second application; (2) Credit for the calendar quarter ended March 31, 1952 while petitioner was employed by the United States General Services Administration and credit for the first three quarters of 1955 while petitioner was employed by the United States Department of the Air Force, were erroneously denied; (3) Total wages credited to petitioner's account based on employment for Mrs. Ernest M. Maxwell in 1959 and 1960 were understated by the Administration in the amount of $250; and (4) Credit for the quarter ended September 30, 1954 while employed by the United States Department of the Air Force, was erroneously denied.

 It is hardly necessary to reiterate the long established principle that upon a review of the records of an administrative agency, this Court must uphold the findings of the agency if they are supported by substantial evidence. Sec. 205(g) of the Act;[2] Adams v. Flemming, 2 Cir.1960, 276 F.2d 901, 903; Shapiro v. Ribicoff, 2 Cir.1963, 316 F.2d 262, 264. It should also be noted that under Section 205(p)(1) of the Act,[3] the Administration must accept as final and conclusive all determinations made by the proper Federal agency or instrumentality with respect to employment and wages for service performed in the employ of the United States. The review by this Court of the Administration's findings on such issues is therefore limited accordingly. Egeler v. Flemming, N.D.Ohio 1960, 184 F.Supp. 321.

### Military Service: 1943–1946

 Since it is undisputed that wage credits for this period have been used in computing petitioner's annuity under the Civil Service Retirement Act (Tr. p. 141), the law is clear that petitioner cannot also use these credits for the purpose of receiving Social Security benefits. Section 217 (a) and (e) of the Act;[4] Moncrief v. Folsom, 4 Cir.1956, 233 F.2d 471; Sutherland v. Flemming, N.D.Ala.1960, 189 F.Supp. 712. The credit for or payment of two benefits under different statutes for the same period of military service has always been prohibited.[5]

### Civil Service Quarters

██ Petitioner's claims for the quarter ended March 31, 1952 and for the first three quarters of 1955 are also without merit since the records of the General Services Administration and the Department of the Air Force as incorporated into the records of the Administration (Tr. pp. 191–198) disclose that he had an indefinite appointment during these periods and thus was covered under the Civil Service Retirement Act and not the Social Security Act. Since the Administration is required to accept these records as final and conclusive, this Court must do likewise. Section 205(p)(1) of the Act[6]; Egeler v. Flemming, supra.

### Wages paid by Mrs. Maxwell

There is substantial evidence in the record to support the Administration's finding that the correct total of wages paid to petitioner by Mrs. Maxwell in 1959 and 1960 was $2,850.00 and not $3,100.00 as originally reported by the employer. (Tr. p. 149)

### September 20–30, 1954 Coverage

██ Petitioner's claim that he should have been credited with a quarter

---

2. 42 U.S.C.A. § 405(g).

3. 42 U.S.C.A. § 405(p) (1).

4. 42 U.S.C.A. § 417(a) and (e).

5. While the law in this field has been changed in some respects as to service in the armed forces after 1956, Civil Service Retirement Act, 5 U.S.C.A. § 2253(j), and while petitioner's widow, if any, may elect to waive her right to a survivor's annuity, if any, under the Civil Service Retirement Act so as to include credit for military service in the computation of benefits under the Social Security Act, these provisions are obviously of no aid to petitioner in this proceeding. See Section 217 of the Act, 42 U.S. C.A. § 417(f) (1) and (2), and 1956 U.S.Code Congressional and Administrative News, pp. 3980 and 3992.

6. 42 U.S.C.A. § 405(p) (1).

of coverage for the period September 20, 1954 to September 30, 1954 because deductions from his wages for this period were made for Social Security purposes was rejected by the Appeals Council which stated that "section 213(a)(2) of the Social Security Act, as amended, [42 U.S.C.A. § 413(a)(2)] specifically provides that quarters of coverage are acquired on the basis of wages paid in a quarter and not on the basis of wages earned in a quarter. There is no evidence establishing that the claimant was *paid* at least $50 in the calendar quarter ending September 30, 1954 * * *. Under these circumstances, the claimant cannot be credited with an additional quarter of coverage * * *." (Tr. p. 8.) In reaching this decision, the Administration relied upon the absence of evidence rather than evidence. In a case like this where petitioner has clearly established that he earned more than $50 during the quarter in dispute and that Social Security deductions were made from these same earnings (Tr. p. 98), it would appear that the Administration should further inquire into the facts in order to reach an equitable conclusion.

This is particularly true where the doctrine of "constructive payment" might be applicable to petitioner's situation in accordance with the regulations.[7] For instance, "There can be no 'substantial limitation or restriction' within the meaning of the Regulation *in the absence of evidence* that the plaintiff could not have drawn upon her wages at any time had she chosen really to go after them." Hennessey v. Federal Security Administrator, D.C.Conn.1949, 88 F. Supp. 664, 668 (emphasis supplied); see also, Sandusky v. Celebrezze, W.D.Ark. 1962, 210 F.Supp. 219; Levine v. Ribicoff, S.D.N.Y.1962, 201 F.Supp. 692; Morgan v. Social Security Board, M.D. Pa.1942, 45 F.Supp. 349; Emlen v. Social Security Board, 3 Cir.1945, 148 F.2d 927. The Court is "most prone to liberally construe the Social Security Act in favor of the party seeking its benefits", Lietz v. Flemming, 6 Cir.1959, 264 F.2d 311, 313, and will not sustain a denial of these advantages "where the applicant has raised a serious question and the evidence affords no sufficient basis for the Secretary's negative answer." Kerner v. Flemming, 2 Cir.1960, 283 F.2d 916, 922.

█ Accordingly, the case will be remanded for further consideration as to whether petitioner is entitled to credit for the quarter ended September 30, 1954.[8] The other findings of the Administration being supported by substantial evidence, the Government's motion for summary judgment to this extent will be granted.

Settle order within ten (10) days on two (2) days' notice.

---

7. Although Section 213(a) (2) of the Social Security Act, 42 U.S.C.A. § 413(a) (2) provides that "The term 'quarter of coverage' means a quarter in which the individual has been paid $50 or more in wages * * *", the applicable regulation, 20 C.F.R. § 404.1026, states, *inter alia*, that "The term 'wages paid' means wages actually or *constructively paid*. Wages are constructively paid when they may be drawn upon by the employee at any time although not then actually reduced to possession. In such a case, a constructive payment can be found to have been made only where (i) the wages have been credited or set apart to the employee without any substantial limitation or restriction as to the time or manner of payment or condition upon which payment is to be made and are available to him so that they may be drawn at any time, and their receipt brought within his own control and disposition or (ii) there is an intention by the employer to pay or to set apart or credit, and ability to pay wages when due, and failure of the employer to credit or set apart the wages is due to clerical error or inadvertence in the mechanics of payment and because of such clerical error or inadvertence, the wages are not actually available at that time. * * *" (Emphasis supplied.)

8. It is irrelevant to the disposition of this item that any benefits which petitioner might obtain from a successful determination, would be of no help under his first application and of little monetary assistance under his second application.