**Gerald S. MORRIS, Plaintiff,**

v.

**Anthony J. CELEBREZZE, Secretary of Health, Education and Welfare, Defendant.**

**No. 63–C–1349.**

United States District Court
E. D. New York.

June 14, 1966.

Gerald S. Morris, pro se.

Joseph P. Hoey, U. S. Atty., Eastern Dist. of New York, Ronald Gene Wohl, Asst. U. S. Atty., for defendant.

BARTELS, District Judge.

This is a petition, pursuant to Section 205(g) of the Social Security Act, 42 U.S.C.A. § 405(g), to review the final decision of the Social Security Administration (Administration) holding that the earnings record of the petitioner Gerald S. Morris is not entitled to be credited for a quarter of Social Security coverage for the work performed in the calendar quarter ended September 30, 1954. The case had been remanded [1] for a decision by the Administration as to whether or not the petitioner had received "constructive payment" of his earnings for the period from September 20, 1954 to September 30, 1954, although he had not been paid for the same during that period.

The Appeals Council of the Administration received evidence from the petitioner's employer to the effect that petitioner's regular pay day was eleven or twelve calendar days after the end of a pay period which covered two weeks' pay; that the employer did not customarily permit payment of wages prior to the regular pay day to employees in petitioner's class and further, that there was no special understanding with the petitioner as to the making of payments at times other than on the regular pay day. The applicable regulation, 20 C.F.R. § 404.1026, provides, in part: " * * * Wages are constructively paid when they may be drawn upon by the employee at any time although not then actually reduced to possession. In such a case, a constructive payment can be found to have been made only where (i) the wages have been credited or set apart to the employee without any substantial limitation or restriction as to the time or manner of payment or condition upon which payment is to be made and are available to him so that they may be drawn at any time, and their receipt brought within his own control and disposition * * * ".

The fact that the wages were credited to the petitioner during the calendar quarter is not sufficient for Social Security purposes. The wages must be either actually paid or constructively paid to the petitioner in order to enable him to receive credit for Social Security coverage. In this case it is clear that during the quarter in question, he was not actually paid. The issue is whether or not it might be said that under the circumstances he could invoke the doctrine of "constructive payment". Under the terms of his employment, both the employer and employee agreed that payment of the wages earned would not be made before eleven or twelve days after the petitioner had earned each two weeks' pay. So that in this case, although the petitioner earned two weeks' pay before the end of the calendar quarter, this pay was not "available" to him under the terms of his employment agreement and could not have been obtained by him from the employer before eleven days thereafter, which was in the subsequent calendar quarter. It cannot be said, therefore, that the petitioner received constructive payment in the third calendar quarter of his wages earned between September 20th and September 30th, 1954.

Accordingly, the decision of the Appeals Council of the Administration is supported by substantial evidence and the defendant's motion for summary judgment must be and is hereby granted. Settle order within ten (10) days on two (2) days' notice.

[1]. See, Morris v. Celebrezze, E.D.N.Y.1965, 238 F.Supp. 717.